## HANNAH SALLDEN v. CITY OF LITTLE FALLS.[1]

November 15, 1907.

Nos. 15,380—(47).

**Eminent Domain—Injury Caused by Street Grade.**

Under section 13 of article 1 of the state constitution, as amended in 1896, providing that private property shall not be taken or "damaged" for public use without just compensation first paid or secured, it is *held* that a property owner in a municipal corporation is entitled to compensation for injuries occasioned to his property by reason of the first establishment of a street grade by the municipality and the improvement of the streets in conformity therewith.

**Measure of Damages.**

The measure of damages in such case is the difference in value of the property alleged to have been injured before and after the acts of the municipality in grading the street, except where the cost of restoring the property to its original condition with reference to the street is less than the difference in value, in which case the cost of restoration is the measure of the property owner's relief.

**Evidence.**

The evidence in this case examined, and *held* insufficient to justify recovery by plaintiff within this rule.

**Motion for New Trial.**

A motion for judgment notwithstanding the verdict, made at the conclusion of the trial and thereafter denied by the court, does not bar a subsequent motion for a new trial upon a settled case, if seasonably made.

Action in the district court for Morrison county to recover $2,000 damages to plaintiff's property caused by establishing a grade in one of the streets of the city of Little Falls abutting plaintiff's property. The case was tried before Baxter, J., and a jury which found a verdict in favor of plaintiff for $851.33. From an order denying a motion for a new trial, defendant appealed. Reversed.

*Donat Trettel, Louis W. Vasaly,* and *Arthur P. Blanchard,* for appellant.

*Elmer A. Kling,* for respondent.

1 Reported in 113 N. W. 884.

BROWN, J.

Action to recover damages alleged to have resulted to plaintiff's property from the acts of defendant in grading one of its streets in the city of Little Falls. Plaintiff had a verdict, and defendant appealed from an order denying a new trial.

The facts, briefly stated, are as follows: Some time prior to the acts complained of by plaintiff, the city formally established the grade of the street in question, and the officers thereof leveled and graded the same in conformity therewith, resulting in raising the street in front of plaintiff's property to a height of about three feet. This was the first grade ever established by the city. The assignments of error present two questions for consideration: (1) Whether a property owner is entitled to damages from the municipality resulting from the first grading of a public street; and (2) whether the record presents any evidence of injury to plaintiff's property within the rule of damages applicable to such cases.

1. At common law a municipal corporation, clothed with power to grade and improve its streets, is not liable to property owners for consequential damages necessarily resulting from the action of its officers in establishing street grades and improving them in conformity therewith, except in those cases where adjoining property is in fact invaded or the work of improvement has been negligently performed. Lee v. City of Minneapolis, 22 Minn. 13; Alden v. Minneapolis, 24 Minn. 254. The theory of the law in such cases is that persons owning property within the municipality are deemed to have acquired it subject to the reserved right of the authorities to make such improvements in the streets thereof as public interests may from time to time require, and injuries necessarily resulting therefrom the common law declares damnum absque injuria. But the rule has been changed in many of the states by statutory and constitutional provisions to the effect that private property shall not be taken "or damaged" for public use without just compensation first paid or secured. Under such provisions the authorities are nearly uniform in holding the municipality liable for consequential damages caused by a change from an established grade; i. e., where a grade is once established by public authority, and private property is improved with reference thereto, a subsequent alteration or change in that grade to the damage of abutting property

renders the municipality liable.　Dickerman v. City of Duluth, 88 Minn. 288, 92 N. W. 1119, and cases cited.

But upon the question here before the court, namely, whether there is a liability for damages resulting from the first establishment of the grade and improvement in conformity therewith, the authorities are not harmonious.　A few courts apply the common-law rule to the first grade and improvement, and limit the liability of the municipality to cases where injury and damage result from a change of a previously established grade with reference to which private property was improved.　The question presented in this case is whether, under the provisions of our amended constitution, the defendant is liable in this action; the injury complained of having resulted from the first establishment of a grade.　Originally, section 13 of article 1 of our constitution provided, in substance and effect, that private property should not be taken for public use without just compensation being made therefor.　It was amended in 1896, so that it now provides that private property shall not be taken "or damaged" for public use without just compensation being paid.　It was held in the Dickerman case, just cited, that the effect of this amendment was to abrogate the common-law rule that there was no liability in such cases, at least so far as the change from an established grade is concerned.

A majority of the courts discover no reason for a distinction between the first and subsequent grades, and give force and effect to constitutional provisions such as ours by holding that liability exists for injuries resulting from the first, as well as from a change of a previously established, grade.　A careful examination of the subject suggests no valid legal reason for a distinction between the two classes of cases.　Private property may be as much injured or damaged by the first improvement as by the second, and unless an exception in harmony with the common-law rule is to be read into the constitution where the first improvement is involved, it must be held that liability exists in such cases.　The change in our constitution by which compensation is secured where private property is taken "or damaged" for a public use was for the purpose of awarding appropriate relief in all instances where public use requires the invasion of private rights, and the effect of its adoption as a part of the fundamental law of the state was, as said in the Dickerman case, to abrogate the com-

mon-law rule that no damages resulting from improvements of this character are recoverable. Vanderburgh v. City of Minneapolis, 98 Minn. 329, 108 N. W. 480, 6 L. R. A. (N. S.) 741.

In the following cases, under constitutional provisions like those of this state, or similar statutory enactments, the liability of the municipality for damages resulting from the first grading of the street is affirmed: Borough v. United Presbyterian, 96 Pa. St. 331; Hendrick's Appeal, 103 Pa. St. 358; Davis v. Missouri, 119 Mo. 180, 24 S. W. 777, 41 Am. St. 648; Atlanta v. Green, 67 Ga. 386; Moore v. Atlanta, 70 Ga. 611; Hutchinson v. Parkersburg, 25 W. Va. 226; Reardon v. San Francisco, 66 Cal. 492, 6 Pac. 317, 56 Am. 109; Harmon v. Omaha, 17 Neb. 548, 23 N. W. 503, 52 Am. 420; Hammond v. Harvard, 31 Neb. 635, 48 N. W. 462; Woodbury v. Beverly, 153 Mass. 245, 26 N. E. 851; Bloomington v. Pollock, 141 Ill. 346, 31 N. E. 146; Less v. Butte, 28 Mont. 27, 72 Pac. 140, 61 L. R. A. 601, 98 Am. St. 545; Blair v. City, 43 W. Va. 62, 26 S. E. 341, 35 L. R. A. 852, 64 Am. St. 837; City v. McClain, 102 Ky. 402, 43 S. W. 700, 39 L. R. A. 349; Searle v. Lead, 10 S. D. 312, 73 N. W. 101, 39 L. R. A. 345; Hickman v. City, 120 Mo. 110, 25 S. W. 225, 23 L. R. A. 658, 41 Am. St. 684, and note. The question is fully discussed in these cases, and they demonstrate that the constitutional and statutory enactments awarding compensation for damaged private property were intended to apply to cases of this kind. We adopt this construction of the provisions of our law, and hold that the learned trial court was right in its ruling that plaintiff was entitled to recover, if the acts of defendant resulted in any injury to her property. The suggestion of counsel for defendant that the acts of defendant's officers in improving the street before the ascertainment and payment of damages were void, and not binding upon the city, and hence that no action therefor will lie, is disposed of in Vanderburgh v. City of Minneapolis, supra.

2. The second question presented is whether the evidence brings the case within any rule of damages applicable to injuries of this kind. The proper measure of damages is the difference in the value of the property alleged to have been injured before and after the acts complained of, unless the cost of restoring the property to its natural condition is shown to be less than the difference in value, in which case the cost of restoration is the measure of relief to which the property

owner is entitled. Ziebarth v. Nye, 42 Minn. 541, 44 N. W. 1027. A thorough reading of the record discloses in this case no evidence to sustain the verdict, within this rule. In fact, there was no competent evidence of damages to plaintiff's property within any rule with which we are familiar. The only testimony bearing upon the subject was that given by plaintiff's husband, to the effect that "to the best of his information and belief" the damage was $1,000. No attempt was made to show the value of the property before or after the acts complained of, and in the absence of some evidence in that direction the cost of raising plaintiff's buildings to the level of the new grade cannot be made the test in determining the amount of her recovery. Such cost could be resorted to only when it was shown to be less than the difference in value. Ziebarth v. Nye, supra. The total lack of evidence to bring the case within the appropriate rule of damages requires a reversal of the order denying a new trial.

3. Counsel for plaintiff contends that the order appealed from should be affirmed, for the reason, as he urges, that defendant waived the right to move for a new trial. This contention is based upon the fact that, after the verdict had been returned, defendant moved the court for judgment notwithstanding the same, which motion was denied. Thereafter, upon a settled case, the motion for a new trial was made, heard by the court without objection, and denied. We discover no waiver in this state of the facts. The motion for a new trial was, so far as the record discloses, made within the time prescribed by the statute, and the right to make it was not barred by the previous separate motion for judgment. The cases cited by counsel in support of this contention (Bragg v. Chicago, M. & St. P. Ry. Co., 81 Minn. 130, 83 N. W. 511; Wright, Barrett & Stilwell Co. v. Robinson, 79 Minn. 272, 82 N. W. 632) are not in point. In those cases a motion for judgment was made, and upon that the moving party rested. No motion for a new trial was made at any time, and the court held that the party could not obtain a new trial on an appeal from an order denying a motion for judgment notwithstanding the verdict; that by limiting and resting upon the motion for judgment he waived the right to ask for a new trial. In this case the defendant did not rest upon his motion for judgment, but subsequently made his motion for a new trial, which was denied. This is proper practice.

Order reversed.