ANDREW P. OLSON v. CITY OF ALBERT LEA.[1]

February 11, 1909.

Nos. 15,940—(203).

**Change of Grade—Damages.**

In an action to recover damages resulting from a change in the grade of the street fronting plaintiff's property. it is *held* that on the evidence the trial court correctly charged the jury that plaintiff was entitled to recover at least the expense necessary to adjust his property to the new street.

**Special Benefits—Evidence Insufficient.**

Evidence *held* insufficient to justify the conclusion that the special benefits conferred by the change in the street grade equaled or exceeded the cost of restoring the property to its former condition.

Action in the district court for Freeborn county to recover $1,000 damages to a certain lot for change of street grade in front of the same. The answer was a general denial, except that the location of the lot and the existence of defendant and of a street were admitted. The case was tried before Kingsley, J., and a jury which rendered a verdict in favor of plaintiff for $81. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*C. E. Southwick* and *H. C. Carlson,* for appellant.

*T. V. Knatvold,* for respondent.

[1] Reported in 119 N. W. 794.

BROWN, J.

Action for damages alleged to have resulted to plaintiff from the change in the grade of the street fronting his property. Plaintiff had a verdict for $81, and the city appealed from an order denying its motion for a new trial.

The facts, briefly stated, are that between 1902 and 1905 defendant, through its proper officers, made certain changes in the grade of the street fronting the property owned by plaintiff, which resulted in lowering the sidewalk along his premises four feet and the center of the street in the neighborhood of four feet more. Excavations were made accordingly, and plaintiff's property left in the situation which rendered necessary either the erection of a retaining wall along the line of the sidewalk, or terracing the lot between the building and the walk, and also certain excavations for a driveway to enter the property with vehicles. It was claimed by plaintiff that the cost of this work would exceed $300, and defendant offered evidence to show that it could be done at an expense not exceeding $62.25. Plaintiff also offered evidence to the effect that the value of his premises was by the change in the street grade diminished to the amount of several hundred dollars, while defendant presented evidence for the purpose of showing that the property had in fact been enhanced in value.

The trial court correctly gave the jury the proper rule of damages, namely, the difference in value of the property before and after the improvement, but went further, and instructed them that the benefits accruing to the property from the improvement could not be offset against the cost and expense of erecting a retaining wall along the sidewalk, terracing the lot, and constructing the driveway, and that plaintiff was entitled to their verdict for at least such cost. The jury evidently acted upon this instruction, for they awarded plaintiff practically the cost of restoring the premises to their former condition in appearance and usefulness. This instruction is the principal error complained of by defendant on this appeal.

The general rule of damages in cases of this kind is the difference in the value of the property taken or damaged before and after the commission of the acts complained of, except where the cost of restoring the property to its former condition is less than the depreciated value, in which case the cost of restoration is the measure of the prop-

erty owner's relief. Sallden v. City of Little Falls, 102 Minn. 358, 113 N. W. 884, 13 L. R. A. (N. S.) 790, 120 Am. St. 635. It may be conceded in this case, as appellant contends, that the special benefits to property resulting from an improvement of this kind may and should be offset against the damages suffered by the owner whether general or special. Winona & St. P. Ry. Co. v. Waldron, 11 Minn. 392 (515), 83 Am. Dec. 100; Lewis, Em. Dom. 218, 494, and cases cited. It may further be conceded that, where such special benefits equal or exceed the damages, the property owner is not entitled to recover, even though he would necessarily incur an expense in adjusting his property to the new conditions. From which it must be admitted that the court below, abstractly speaking, was in error in its instructions. Still the instructions were correct when applied to the facts presented in this case. We find no evidence in the record before us that would have justified the jury in finding that plaintiff's property was, without the retaining wall, driveway, and terrace, benefited or enhanced in value by the act of the city in lowering the street grade and removing the lateral support from his premises.

Nearly all the witnesses called by defendant upon this subject in effect conditioned their opinion that the property had been enhanced in value upon the erection of a retaining wall or grading the lot down to conform to the new grade and the construction of a driveway. Witness Anderson said: "If the lot was terraced off and fixed up, as I would want it, well, it would be worth quite a bit. Q. Quite a bit more? A. Yes, sir." Witness Brown thought the property had been benefited, "because the property had been increased in value by the betterment of the surroundings, this and the surrounding properties, on account of the improvements of this and the surrounding properties in that locality." But the witness gave no estimates of value, and his evidence is of little strength, for a full reading thereof leaves the impression that his opinion of benefits was based upon the general improvement of property in the particular locality. The sum and substance of Morin's testimony is that, if the retaining wall and driveway be put in, the property would be of greater value than before; but he gave no estimates and furnished no basis for computation. Gustavson's testimony was practically the same.

107 M.—9

We have, then, the opinion of these witnesses that plaintiff's property was benefited, providing the retaining wall and other necessary improvements to adjust it to the new conditions were made, against the conceded fact that the cost and expense of doing this work of restoration would amount at least to over $60. In this situation of the evidence the trial court was entirely justified in directing a verdict for plaintiff accordingly. The testimony of benefits was either too general, or predicated upon the further expense of restoring the property, to justify a verdict that plaintiff was not entitled at least to the expense necessary to adjust his property to the new street. Armstrong v. City of St. Paul, 30 Minn. 299, 15 N. W. 174.

This covers and disposes of all questions presented by the assignments of error which are necessary to be considered, and leads to an affirmance.

Order affirmed.