FREDERICK HIRSCH v. CITY OF ST. PAUL.[1]

May 17, 1912.

Nos. 17,520—(72).

**Complaint construed.**

Complaint construed to state a cause of action for consequential damages resulting to abutting property from the first establishing of a street grade,

[1] Reported in 136 N. W. 269.

and does not necessarily involve defect in plan or negligence in execution thereof, nor is the cause of action based on a defect in a public work, or upon the negligence of any officer or agent of the city, so that service of notice of claim upon the city is a prerequisite to maintenance of an action.

**Local assessment for grading street not a bar to this action.**

. The city charter of the city of St. Paul does not provide for assessment of damages resulting to abutting lots from the establishment of a street grade in the proceeding for assessing the cost of grading the street against benefited property; hence such proceeding *held* not a bar to an action to recover damages by the owner of abutting lots resulting from the grade established.

**Waiver of damages.**

It not appearing from the answer that the grade was established before plaintiff petitioned the defendant to grade the street, he cannot be held to have waived damages to his property resulting from the grade established, and it is unnecessary to determine whether, by petitioning after the grade is established, the property owner waives damages.

Action in the district court for Ramsey county to recover $2,000, damages caused by the grading of a street. From an order, Dickson, J., sustaining plaintiff's demurrer to the fifth, sixth and seventh paragraphs of the answer, defendant appealed. Affirmed.

*O. H. O'Neill* and *J. P. Kyle,* for appellant.

*John J. Kirby* and *J. C. Michael,* for respondent.

HOLT, J.

Plaintiff is the owner of a city lot abutting on Juliet Place, a street in the city of St. Paul. In 1909 and 1910 the city established a first grade and graded this street. Plaintiff now sues the city for damages, claiming that the value of the lot was diminished by placing the grade several feet above the level of the lot.

The city answered, and by way of defense alleged that, upon a petition signed by plaintiff and others for the grading of the street, it established the grade and graded the street; that the city was authorized to make assessments of benefits and damages on real estate affected by the making of local improvements, including grading of streets, and all damages resulting therefrom are to be paid for by an assessment upon property benefited thereby, and not

otherwise. It is further alleged that an assessment under this authority was made against plaintiff's lot in the sum of $36 for benefits; that this was not paid; that application for judgment against the lot was duly made and rendered May 31, 1911, for $37.65; that the judgment is in full force; and the lot has been sold thereunder.

The answer also alleges as defensive matter that the city had carried through without objection or appeal a proceeding to condemn part of the lot abutting on the street as support and slope for the grade made, wherein $1 damages and $4.12 benefits had been assessed. Another defense is the allegation that no notice of claim for damages had been served on the city. From the order sustaining plaintiff's demurrer to these defenses, the city appeals.

The questions raised by the demurrer are: (1) Does the complaint state a cause of action? (2) Should the consequential damages resulting to plaintiff's lot from the grading of the street have been determined in the proceedings taken by the city to assess for benefits, or to condemn part of the lot for slope? (3) Is plaintiff estopped from claiming damages by having petitioned for the grading of the street?

A demurrer searches the first pleading, and on that principle appellant attacks the complaint.

One of the reasons urged against the sufficiency of the complaint is the same one raised by the demurrer to one of the defenses pleaded, namely, the necessity of giving notice to the city of the claim before suit. If such notice is a prerequisite, the complaint should have alleged that it had been given; but, if not, the averment in the answer of want of such notice is no defense. To determine this question it is necessary to consider the cause of action set out in the complaint.

We do not think it is one necessarily based on negligence, but that the gist of the action is for damages to the premises of plaintiff consequent upon the establishment of a street grade and the construction of the street in accordance therewith. It states a cause of action for consequential damages to plaintiff's lot, because the

grade of the street is so fixed and constructed that access thereto from the lot is rendered difficult, and the appearance and use of plaintiff's property impaired.  The allegation that the grade was unreasonable, and could have been made without much, if any, damage to the property, and that the result of the grade will be to throw surface water on plaintiff's premises, all goes to the aggravation of the damages, and should not be considered as the basis of the action, which is found in these words: "That by the grading of said street, as aforesaid, a fill was made in front of plaintiff's premises, raising the surface of said street to a height of about six and one-half feet above the level of said above-described lot, thus leaving said lot and the house thereon below the street level six and one-half feet."

"Private property shall not be damaged for public use without just compensation" is a constitutional guarantee.  That this applies to the damages resulting from the first establishment of the grade of a city street is settled in the case of Sallden v. City of Little Falls, 102 Minn. 358, 113 N. W. 884, 13 L.R.A.(N.S.) 790, 120 Am. St. 635.  The grade so established may be the only one feasible, and the street properly graded in accordance therewith, and yet damage result to abutting lots.  If so, we fail to see how the claim for such damages comes within this charter provision requiring notice to be given to the city before a suit will lie [Sec. 690] which reads: "Before the city of St. Paul shall be liable to any person for damages for, or on account of, any injury or loss alleged to have been received or suffered by reason of any defect in any bridge, street, road, sidewalk, park, public ground, ferry boat, or public works of any kind in said city, or by reason of any alleged negligence of any officer, agent, servant or employee of said city, the person so alleged to be injured shall give," etc.

Other reasons might be given why the charter provision, requiring notice of claims to the city before suit, is not applicable to actions like the present, but it is sufficient to say that, as we construe the complaint, the real basis of the legal claim asserted is neither a defect in the public work, nor the negligence of the city or any of its representatives.

The charter provision of the city of St. Paul is somewhat different from that of the city of Seattle, so that the cases of Scurry v. City, 8 Wash. 278, 36 Pac. 145, and Postel v. City, 41 Wash. 432, 83 Pac. 1025, are not strictly in point, even were we inclined to follow the reasoning of the court therein. Construing the complaint as stating a cause of action for damages resulting to property from the opening of a street in front thereof upon a certain grade, it states a cause of action, and it is not necessary to determine whether the damages flow from a defective plan, or from its negligent execution, because, as above stated, neither may be involved, and still plaintiff be entitled to recover.

That the proceeding by which support of the slopes of the street as constructed was obtained from plaintiff's lot by condemnation was not one wherein he could have had determined the consequential damages arising from the establishment of the street grade and construction of the street seems reasonably clear. The taking of an easement for a slope for the street was separate, apart, and subsequent to the establishment of the grade from which the damages sued for flow, and could only involve additional damages to the lot.

But the attorney for the defendant contends that the establishment of the grade and construction of the street was a public improvement, which the city was authorized to do, and in the doing of which the damages, costs, and expenses were to be ascertained and assessed against property benefited. Therefore plaintiff had his exclusive remedy, in the proceeding to assess benefits for grading the street, to obtain the damages sought by the present action. If a remedy is given plaintiff in the charter to obtain these damages in proceedings to assess benefits for grading the street, we may concede, without deciding, that the defendant's contention is true. But we have been referred to no charter provision under which plaintiff may have his damages determined.

Section 238 prohibits the common council from making any improvement, unless in their opinion the real estate to be assessed therefor can be found benefited to the extent of the damages, costs, and expenses necessary to be incurred thereby. Grading a street

is an improvement. However, upon examining the procedure to determine the benefits, we find that the only thing for which benefits may be assessed against property is the contract price for doing the grading plus the necessary expense of making the assessment.

Section 256 of defendant's charter shows this to be so. It reads: "Whenever any order shall be finally passed by the common council of said city as heretofore provided for filling, grading * * * or," etc., "the city clerk shall transmit a copy of such order of said council to said board of public works. The said board of public works shall cause the said work to be let and done as hereinafter provided; and after the whole of said work shall have been placed under contract, as hereafter provided, the said board shall thereupon proceed without delay to assess the amount, as nearly as they can ascertain the same, which will be required to defray the cost of such improvement, including the necessary expense of making such assessment, in proportion, as nearly as may be, to the benefit resulting thereto, in the manner hereinafter provided."

There being no provision under the charter under which plaintiff could obtain the redress he now seeks, we are of opinion that the proceedings to assess benefits and condemn for slope in grading the street set up as defenses to this action are of no avail. McCarthy v. City of St. Paul, 22 Minn. 527.

We need not determine whether, in an action of this kind, plaintiff, by petitioning the city to have the street graded, waives all claims for consequential damages to his property, for the reason that the defendant, in possession of knowledge as to the time the petition was presented and the grades established, has not alleged that the petition for grading the street was made upon a grade then established. For aught that appears, the adoption of a grade which damaged plaintiff's property took place after the petition was presented. In such event no good reason could be suggested for holding that plaintiff, by signing the petition, surrendered a claim the future existence or extent of which he could not then know.

Order affirmed.