KNIGHT RECORD v. VILLAGE OF FARMINGTON and Others.[1]

July 17, 1914.

Nos. 18,734—(206).

**Adverse possession — evidence — damages.**
  In this action involving the issue of title to land by adverse possession

[1] Reported in 148 N. W. 296.

it is *held* that there was no error in the rulings on the admission of evidence and that the damages awarded for a trespass are not excessive.

Action in the district court for Dakota county to restrain the village of Farmington, E. J. Chapel and J. H. McAndrews, from entering upon plaintiff's land and constructing a street and for $1,-000 damages. The case was tried before Johnson, J., and a jury which returned an affirmative answer to the question whether defendant village lost the easement as a street through the adverse possession by plaintiff for 15 years prior to March 18, 1899, and assessed the damages of plaintiff at $300. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Converse & Grannis* and *Earl C. Wilmot,* for appellants.

*W. H. Gillitt,* for respondent.

BUNN, J.

This action was brought to restrain defendants from entering upon plaintiff's lands, grading a street thereon, or otherwise trespassing, and to recover damages for a trespass already committed. The issues of fact were by consent tried to a jury, the questions submitted being whether the defendant village had lost its easement in the street in front of plaintiff's premises by adverse possession for 15 years prior to March 18, 1899, and what if any damages plaintiff had sustained by reason of the trespass of defendants. The jury answered the first question in the affirmative, and fixed the damages at $300. A motion for a new trial was denied and defendants appealed from the order.

The facts, so far as material to the questions raised on this appeal, are as follows:

In 1873 plaintiff became the owner of the west 120 feet of block 6, Humphrey's Addition to the village of Farmington. On the plat Fifth street runs north and south along block 6 on the westerly side. The premises abut on Oak street on the south. Two unplatted tracts adjoin block 6 to the north. Fifth street appears on the plat to be 80 feet wide, along block 6, but only 40 feet wide along the unplatted property to the north. In 1873 plaintiff entered into

possession of the property, built a residence thereon and inclosed the whole with a substantial fence; the fence on the west was placed along the center line of Fifth street and on a line with the west line of the unplatted land lying directly north. Plaintiff planted trees just inside of this fence, and used the 40 foot strip as a part of his homestead from 1873 to the time the trespass occurred. As it is not argued that the evidence does not sustain the finding that plaintiff acquired title by adverse possession, we omit further details of the evidence tending to show such possession. It is clear that this contested strip was never opened up or traveled as a street, and the village never made an attempt to grade or improve it until its officials committed the trespass complained of. In June, 1912, defendants entered upon the disputed strip, cut down three large maple trees planted by plaintiff in 1873, and plowed up the lawn, claiming that it was the intention to open that part of Fifth street for public use and travel.

The assignment of error in denying a new trial because the verdict is not justified by the evidence is not urged in the brief and is waived.

Error is claimed in a ruling of the trial court sustaining an objection to questions asked the witness Larson as to who paid for a sidewalk laid in 1907 along Oak street and across Fifth street. The object was to show that plaintiff had refused to pay for, and presumably that the village had paid for, that part of the walk that crossed the disputed strip. But the record clearly shows that the witness had already testified that plaintiff refused to pay for this portion of the walk, and that he paid only for 124 feet. Plaintiff did not deny this. The only fact that could have a bearing on the case was therefore in evidence, and it was clearly immaterial who paid for the walk as long as plaintiff did not. There was no error in excluding the testimony. The same question was asked of another witness, and for the same reason it was not error to sustain the objection.

It is argued that the damages are excessive. We hold they are not. Order affirmed.