# HENRY A. MORGAN v. CITY OF ALBERT LEA and Others.[1]

March 12, 1915.

Nos. 19,053—(249).

**Street — adverse possession.**

1. The controversy in this action involved in part the ownership of a strip of land about six feet wide which defendant city claimed was a part of the street, and under such claim attempted to improve it for public travel and uses in connection with the street as theretofore improved and used. Plaintiff contended that the disputed strip of land never formed a part of the street but was a part of his lot which fronted on the street. It is *held* that, whether the street as platted included this strip or not, the conclusion of the trial court that plaintiff had acquired title thereto by adverse possession is sustained by the evidence. Sawbridge v. City of Fergus Falls, 101 Minn. 378, followed and applied.

**Right to direct verdict — construction of statute.**

2. G. S. 1913, § 7998, abolishing the right to direct verdicts at the conclusion of the trial where either party makes seasonable objection, *held* not to apply to equitable actions in which the trial court has ordered the submission of specific issues to a jury. The statute was intended to apply to actions at law only.

**Withdrawing issue from jury in equitable proceeding.**

3. The court may, in an equitable action, notwithstanding the order so submitting issues to the jury, withdraw the same at the conclusion of the trial or direct a verdict thereon as the evidence in the opinion of the court may require.

**Damages — charge to jury.**

4. *Held*, for reasons stated in the opinion, that there was no reversible error in the instructions of the court upon the question of plaintiff's damages.

[1] Reported in 151 N. W. 532.

Note.—As to the liability of a municipal corporation for injury to abutting property from changing the grade of a street under a constitutional provision against "damaging" private property for public use without compensation, see notes in 36 L.R.A.(N.S.) 1194 and L.R.A. 1915A, 382.

**Street — damage to abutting owner.**

5. Under our amended Constitution by which it is declared that private property shall not be taken "or damaged" for public use without compensation first paid or secured, it is *held*, that the owner of property fronting upon a public street, which street is by the municipality improved for public use, is entitled to recover for all such substantial changes in or alterations of the street as cause injury and damage to his abutting property.

**Same — lowering grade — injury to driveway.**

6. This includes damages arising from excavations which take away the lateral support of premises abutting upon the street, lowering the grade of the street, or injury to driveways to and from the premises.

**No error.**

7. The record presents no reversible error.

Action in the district court for Freeborn county to restrain defendant city and its officers from trespassing upon a certain strip of land and for damages. The case was tried before Kingsley, J., who directed a verdict in favor of plaintiff on the question whether he was the owner, and submitted to the jury the question of the amount of damage to the land caused by defendants' acts. The court made findings and ordered judgment in favor of plaintiff for $875, the amount of the verdict. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*J. O. Peterson* and *Dunn & Carlson,* for appellants.

*Moonan & Moonan,* for respondent.

BROWN, C. J.

Plaintiff is the owner of lot 8 in block 1, of Parker's Addition to the city of Albert Lea, upon which is situated his residence, occupied by himself and family. The lot fronts on Vine street, the same being a public street marked out and dedicated to the public by the recorded plat of such addition. By ordinance duly enacted the city ordered and directed certain improvements in the street as it extends along plaintiff's property, consisting in lowering the grade thereof, taking up and relaying the sidewalk, and improving the entire width of the street between what the city claims to be platted lines thereof. As originally improved the street was about 60 feet wide, and

a sidewalk had been constructed along the line thereof fronting plaintiff's property. But the line claimed by the city as the true boundary extends over the line claimed by plaintiff a distance of about six feet, making the width of the street 66 feet. Whether the street line so extended back upon plaintiff's lot, or whether indicated by the sidewalk theretofore constructed, was a question in dispute between plaintiff and the city. The work of improvement in response to the city ordinance and in harmony with the views of the city officers in respect to the true street line was duly commenced; the sidewalk was taken up, excavations made in and upon the disputed strip, and the bank fronting the street cut down preparatory to and for the purpose of widening the street, or, as claimed by the city, improving it to its full width. Whereupon plaintiff brought this action to restrain further proceedings looking toward widening the street, or trespassing upon the disputed strip of land, on the theory and claim that such strip was a part of plaintiff's lot, and was not a part of the street; that the true line of the street was represented by the sidewalk, and that the acts of the city and its officers in excavating and removing the earth from beyond that line were wrongful and unlawful, and in violation of plaintiff's rights. Plaintiff demanded that an injunction be issued restraining the city and its officers from further trespassing upon the disputed strip, and that he have and recover damages for the injuries so occasioned his property, the amount of which was alleged to be the sum of $3,000. Defendants answered, putting in issue all material allegations of the complaint, and alleging that the disputed strip of land was a part of the street as originally platted, and that the city and its officers and agents were proceeding lawfully to improve the same and make it conform to the portion of the street theretofore in use. The action was triable before the court without a jury, but on application the court directed and ordered that two specific issues be submitted to a jury, namely (1) the ownership of the disputed strip of land, and (2) the damages, if any, plaintiff had suffered by reason of the alleged wrongful acts of defendants. At the conclusion of the trial the court directed the jury to answer the first question to the effect that plaintiff was the owner of the strip of land in question;

thus, in effect, withdrawing the issue from the jury, and submitting to them only the question of damages. The jury assessed plaintiff's damages at the sum of $875. Thereafter the court made findings of fact covering all the issues in the case, and expressly finding that plaintiff was the owner of the disputed strip of land, and that he had acquired title thereto by adverse possession. Judgment was ordered for plaintiff permanently enjoining defendant from further acts of trespass thereon, and that plaintiff have and recover of the city the sum of $875 damages, and costs of the action. Defendants appealed from an order denying a new trial.

The questions presented by the assignments of error are: (1) Whether the evidence sustains the findings and directed verdict that plaintiff was the owner of the disputed strip of land; (2) whether the trial court erred in directing such verdict for plaintiff upon that issue, in view of section 7998, G. S. 1913, prohibiting directed verdicts where objection thereto is made by either party; (3) whether there was error in the admission or exclusion of evidence; (4) whether the court erred in its charge to the jury on the question of damages, and (5) whether the damages awarded are excessive.

1. It appears from the evidence that Parker's Addition, of which plaintiff's premises form a part, was laid out and platted as an addition to the village of Albert Lea in 1869. Vine street was a part of the plat and extends along the lot of plaintiff. The plat does not on its face give the width of this street, but certain surveyor's stakes were driven in the ground presumably to indicate the line thereof as it extended along the lots fronting thereon. Some time prior to the year 1887, plaintiff's predecessor in title, together with the owners of adjoining lots, built a fence on the line of such surveyor's stakes, and the same was thereafter maintained by all the property owners for many years. A sidewalk was constructed with reference to this line, on the theory that it marked the true boundary between the lots and street, and the property owners improved their property accordingly, planting trees, shrubbery, terracing the bank of their lots down to the sidewalk and occupying their premises up to such line. The city and its officers recognized this as the line of the street, and the street was from time to time improved accordingly.

A new sidewalk was ordered laid in the place of the old one, and was either by the city or the property owners laid in the place of the old one. The situation continued for a period of over 30 years, and until the attempt by the city to widen the street of which plaintiff here complains. It is probable and very likely that a mistake was made by the surveyors in placing the stakes supposed to mark the street line, for while the plat does not indicate the width of the street, it does show, at least tends to show, that, with the line placed at the point now claimed by the city as the true line, plaintiff's lot has the dimensions given it by the plat. But whether there was a mistake in locating the line on the ground or not, we conclude, on the evidence and facts stated, that the trial court was right in holding that plaintiff was the owner of the disputed strip, and that he became such by adverse possession. The case comes clearly within the rule applied in Sawbridge v. City of Fergus Falls, 101 Minn. 378, 112 N. W. 385. In fact within our decisions upon this subject the court could not well have reached any other conclusion. Record v. Village of Farmington, 126 Minn. 488, 148 N. W. 296; Village of Glencoe v. Wadsworth, 48 Minn. 402, 51 N. W. 377. There was therefore no error in directing the jury to answer the question ordered submitted to them in the affirmative, and no error in finding as a fact that plaintiff was the owner of the strip of land in dispute.

2. The contention of defendant that the trial court had no right to direct a verdict is not sustained. Section 7998, G. S. 1913, abolishing the right to direct verdicts when objection thereto is seasonably made by one of the parties has no application to an action of this kind. This was an action in equity to restrain the unlawful taking of plaintiff's property by the public authorities without compensation first paid or secured, as guaranteed by the Constitution, and for damages for acts of trespass theretofore committed in furtherance of such taking and the contemplated improvements in the street. Defendant was not entitled to a jury trial. Koeper v. Town of Louisville, 109 Minn. 520, 124 N. W. 218. Yet it was discretionary with the court to submit or not submit special issues to a jury. 3 Dunnell, Minn. Dig. § 9838. An order so submitting certain is-

sues was made. But this did not preclude the court from withdrawing the same at the close of the trial. Smith v. Barclay, 54 Minn. 47, 55 N. W. 827. On the merits the directed verdict on the particular issue was right, for the evidence fully justified, if it did not require, a finding that plaintiff owned the property. However, we are clear that the statute relied upon does not apply to suits in equity, which are triable by the court without a jury. It was clearly intended to apply to actions at law only. We so construe the statute.

3. An examination of the record in reference to the rulings on the admission and exclusion of evidence discloses no error, at least none of a character to justify a new trial. The assignments of error upon this subject present no question requiring special discussion, and we dispose of them with the statement above made.

4. The court correctly stated to the jury the general rule of damages in cases of this kind, and instructed them that if the cost and expense of restoring plaintiff's premises to their former condition was less than the depreciation in value thereof, such cost of restoration was the measure of plaintiff's relief. But it appears that the contemplated improvement was incomplete and unfinished at the time the action was commenced, as well as at the time of the trial, the work on the part of defendants having been restrained by the temporary injunction, and it is claimed that the court permitted a recovery by plaintiff on the theory that the improvement would be fully completed. In connection with the charge in this respect the court stated to the jury that the improvement would be completed by the city, within the boundaries of the street as theretofore in use, excluding the disputed strip. This statement was subsequently withdrawn, but reference to a completed improvement seems not to have been modified. But we find in this no reversible error. There was no evidence of damages on the basis that further injury would result to the property by completing the proposed improvements, and therefore no ground or foundation for an assessment of prospective damages. Plaintiff's evidence as to damages was all based upon acts committed by defendants prior to the suspension of the work, and tended to show the resulting depreciation in the value of the property. No

claim for damages on the theory of future injury was made. Defendants sought to show that the expense of restoring the property to its former condition was less than such depreciation in value. So that there was presented to the jury the question of the difference in value of the property before and after the commission of the acts complained of, and whether the expense of restoration was less than such difference, and from this standpoint of the evidence the verdict was returned. There was therefore no reversible error in the charge.

5. The damages are not excessive nor was there error in the charge of the court by which the jury was permitted in estimating damages to take into consideration the various elements of which question is now made by defendants. Under our amended Constitution the property owner is entitled to compensation for all substantial injuries to his property for improvement of this kind. This includes damages for lowering the grade, lateral support rendered necessary by excavations in the street, injury to driveway leading from the street, and for all other acts which result in substantially changing existing conditions to the injury of the property owner. Sallden v. City of Little Falls, 102 Minn. 358, 113 N. W. 884, 13 L.R.A.(N.S.) 790, 120 Am. St. 635; Wallenberg v. City of Minneapolis, 111 Minn. 471, 127 N. W. 422, 856, 20 Ann. Cas. 873; Hirsch v. City of St. Paul, 117 Minn. 476, 136 N. W. 269. While it is true that the mere passage of the ordinance providing for this improvement did not give rise to a cause of action to the abutting property owners, (Sather v. City of Duluth, 123 Minn. 300, 143 N. W. 906), the work of improvement here ordered by the ordinance was under way, and the acts complained of were committed before the action was commenced.

6. This covers all questions necessary to be considered in detail. We discover no substantial error, and the order appealed from must be affirmed.

Order affirmed.