# JOHN BERG v. VILLAGE OF CHISHOLM.[1]

## July 11, 1919.

## No. 21,322.

**Eminent domain — street improvement — measure of damage to abutting owner.**

1. The general rule of damages for injuries resulting to abutting property from street improvements made by municipal authority is the difference in the value of the property before and. after the improvements are made.

**Same — change of street grade — cost of retaining wall.**

2. In the determination of which consideration will be given to the reasonable cost and expense necessary to a restoration of the property to its former condition of usefulness, including the construction of a retaining wall where necessary, and other items of specific repairs rendered necessary by the change of the street grade.

**Same — diminution in value — special damages.**

3. The property owner is not entitled to the items of special damages referred to in addition to the diminution in value.

**Same — encroachment on boulevard not a defense.**

4. The fact that a retaining wall made necessary by such improvements encroaches for the space of about eight inches upon a strip of land reserved for boulevarding purposes between the sidewalk and the lot line, *held* not a bar to the property owner's right to damages caused by the street improvements, and the fact of such encroachment does not constitute an equity pleadable as a defense under G. S. 1913, § 7756.

**Same — defendant not entitled to relief.**

5. The conclusions of the trial court that defendant was not entitled to affirmative relief under its equitable defense are sustained by the evidence.

Action in the district court for St. Louis county to recover $1,500 damages to plaintiff's real estate caused by lowering the grade of the street. The facts are stated in the opinion. The case was tried before

[1]Reported in 173 N. W. 423.

Hughes, J., who made findings that the retaining wall mentioned in the opinion did not constitute a permanent encroachment upon the street in question, denied an injunction, and a jury which returned a verdict for $607, of which the sum of $157 was allowed as damages for the construction of the retaining wall. From the judgment of January 18, 1919, entered upon the verdict, and from the judgment of January 27, 1919, entered upon the court's findings, defendant appealed. Affirmed on condition plaintiff remit from the amount of the verdict the cost of the retaining wall—$157.

*George K. Trask, Warner E. Whipple* and *Frank E. Randall,* for appellant.

*Alger R. Syme,* for respondent.

BROWN, C. J.

Action for damages alleged to have resulted from a change of the grade of the street fronting plaintiff's property. Plaintiff had a verdict and defendant appealed from the judgment entered thereon.

The facts are not in dispute. Plaintiff owns and occupies two lots fronting on Elm street in the village of Chisholm, his residence being situated on one, and a building used for store purposes on the other. Prior to the commencement of the action the municipal authorities made certain improvements in the street, lowering the grade thereof, paving the roadway, and constructing a cement sidewalk along the street line abutting upon plaintiff's premises. The grade was lowered something over two feet, leaving plaintiff's property in a situation rendering necessary the erection of a retaining wall along the line of the sidewalk, and also certain other changes to conform his premises to the conditions thus brought about. The complaint alleges that the construction of the retaining wall cost the sum of $300, and that the plaintiff's premises were, by the acts complained of, diminished in value to the extent of $1,200. Judgment was demanded for $1,500.

Defendant answered, admitting plaintiff's ownership of the property and the street improvements complained of, but alleged that no damages resulted to plaintiff's premises therefrom, on the contrary that they were thereby benefited and enhanced in value, and, further, that the retaining wall constructed by plaintiff projected into the street a

distance of some eight inches, constituting a wrongful and unlawful encroachment upon the street to the detriment of the public welfare. As relief the village demanded that plaintiff take nothing by the action and that the maintenance of the retaining wall in the street be restrained and enjoined.

The jury returned a verdict, assessing plaintiff's damage at the sum of $607, which amount included $157, the cost of the retaining wall. The equitable issues presented by the answer were submitted to the court by consent of counsel, and, upon findings setting out the facts substantially as here stated, and in another respect to be stated later, the court denied the equitable relief demanded by defendant. Judgment was entered accordingly and defendant appealed.

Several questions presented by the assignments of error, which we do not sustain, may be disposed of without unnecessary discussion. The action insofar as it involves plaintiff's claim for damages comes within the rule stated and applied in our former decisions, and his right to recover such damages as come within the rule is clear. Dyer v. City of St. Paul, 27 Minn. 457, 8 N. W. 272; Sallden v. City of Little Falls, 102 Minn. 358, 113 N. W. 884, 13 L.R.A.(N.S.) 790, 120 Am. St. 635; Olson v. City of Albert Lea, 107 Minn. 127, 119 N. W. 794; Wallenberg v. City of Minneapolis, 111 Minn. 471, 127 N. W. 422, 856, 20 Ann. Cas. 873; Morgan v. City of Albert Lea, 129 Minn. 59, 151 N. W. 532. The notice of claim served upon the city in compliance with G. S. 1913, § 1300, if the statute be applicable, was sufficient. The statute was held inapplicable in Manson v. City of Chisholm, 142 Minn. 94, 170 N. W. 924. Our examination of the record leads to the conclusion that the evidence supports the verdict, and that there were no errors in the instructions to the jury, save upon the question of the measure of damages. That error presents the only question requiring special consideration in the opinion, to which we come directly, passing all other assignments without further comment.

The trial court charged the jury that plaintiff was entitled to recover, if they found any injury to his property at all, the difference between the value of the property before and the value after the street improvements were completed, and in addition thereto the reasonable cost and

expense of constructing a retaining wall, rendered necessary by lowering the street grade.

The rule of damages for property injuries of the kind is the diminished value thereof, or, as expressed by the trial court, the difference between the value·of the property before and after the street improvements are completed. 3 Dunnell, Minn. Dig. § 9649; Ziebarth v. Nye, 42 Minn. 541, 44 N. W. 1027; Morgan v. City of Albert Lea, 129 Minn. 59, 151 N. W. 532. The rule has this qualification that, if the cost and expense of restoring the property to its former condition of usefulness be less than the difference in value, then such cost and expense is the measure of the property owner's relief, subject to deductions for such special benefits as may be shown. The rule is well settled in this state and applies to the case at bar. As bearing on the question of the difference in value, various elements of specific as distinguished from general damage or injury may be shown and considered by the jury, such as the loss of lateral support by lowering the grade of the street, the construction of a retaining wall when necessary, and other legitimate items of expense reasonably essential to a restoration of the property to its former useful condition. Morgan v. City of Albert Lea, supra. But the ultimate inquiry is the difference in value before and after, and the amount thereof will include the special items referred to. The property owner is not entitled to both. He was permitted to recover both in this action by the instructions of the court, and the general verdict rendered, founded on the difference in value, shows on its face that an additional amount of $157 was included therein as the cost of the retaining wall.

To this extent there was error in the instructions and in the verdict. But a new trial should not be granted, for the error may be corrected by a reduction of the verdict, which will be ordered.

2. The equitable cross action of defendant by way of answer asking for relief against the maintenance of the retaining wall as it extends eight inches over the street line, has no proper place in the case. The fact that the wall so encroaches on the street does not constitute a defense to plaintiff's action for damages, nor otherwise bar or affect his right to recover. It is not therefore an equity within the meaning of section 7756, G. S. 1913; Dunnell, Minn. Pl. 340. However, the par-

ties voluntarily submitted the matter to the trial court, and findings were made setting out the facts heretofore stated, and in addition thereto that the municipality has never taken possession of the part of the street so encroached upon, the same being a strip 22 inches wide between the sidewalk and the lot line, reserved by the plat for boulevarding purposes, or made any attempt to improve it for that purpose, and for that reason denied the relief demanded. The findings of the court are sustained by the evidence and we concur in the conclusion of law as announced by the learned trial court. Affirmative relief was properly denied. The effect of the encroachment upon the strip of land in question will be detrimental to plaintiff and not the municipality. If it is ever taken possession of and improved by the public authorities for the purpose stated, plaintiff may be required to remove the wall at his own cost and expense.

The order, therefore, will be that the judgment in plaintiff's favor on the verdict be affirmed, on condition that he remit therefrom within ten days after the going down of the mandate the sum of $157, the cost of the retaining wall; if he shall elect not to so remit from the verdict, the judgment in this action will be reversed and the cause remanded for a new trial. The judgment denying the equitable relief demanded by defendant is affirmed.