GEORGE DYNES v. TOWN OF KILKENNY AND OTHERS.[1]

July 21, 1922.

No. 22,621.

**Compensation for condemning highway does not include damage for subsequent improvement.**

1. Under Constitution, art. 1, § 13, providing that property shall not be damaged for public use without compensation therefor, the compensation paid for acquiring a highway for public use does not include damage that may be later caused by the necessary improvement of the way. A remedy exists for such damage, even though the improvement is necessary and the work is done in the only practicable manner.

**Town liable for nuisance caused by improvement of highway.**

2. If a town, in improving one of its highways, casts a nuisance upon the land of a private owner, the town is liable in damages.

**No injunction against necessary improvement of highway.**

3. A court should not enjoin a necessary improvement of a highway merely because it will cause damage to a private landowner. The recovery of the compensation guaranteed by the Constitution is the method designed to make the landowner good.

**No injunction against removal of soil, when.**

4. Nor should a court enjoin the removal of soil which may contain seed or roots that will grow into a nuisance where recovery of damages is an adequate remedy and the expense and inconvenience of undoing the work far outweighs the damage done.

Action in the district court for Le Sueur county to restrain defendants from hauling dirt containing quack grass upon a road where it crossed plaintiff's land, and to recover $500 damages. The case was tried before Tifft, J., who made findings and dismissed the action. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Moonan & Moonan,* for appellant.
*Charles C. Kolars,* for respondents.

[1]Reported in 189 N. W. 439.

HALLAM, J.

In 1918 plaintiff owned and still owns an 80-acre farm in the town of Kilkenny, Le Sueur county. It was well tilled and was free from quack grass. A public highway runs east and west on the north line of plaintiff's land. On the farm adjoining plaintiff on the east and also in the highway abutting thereon there was an abundance of quack grass. In June 1918 the town supervisors of the town of Kilkenny commenced improvement of this road. The improvement involved a fill where the road passes through plaintiff's land, and some of the earth for the fill was brought from along the road to the east. In this process soil containing quack grass was brought in and deposited on the portion of the highway where it crosses plaintiff's land, but no earth so taken was deposited elsewhere than in the roadway. July 1, 1918, this action was brought against the town, the supervisors, and the road overseer, asking for an injunction, enjoining defendants from hauling any dirt containing quack grass to or upon said road where it crosses plaintiff's land, and for a mandatory injunction enjoining them to remove from the highway and land of plaintiff the dirt already placed there containing quack grass, and for damages.

The case was tried December 30, 1918. On January 2, 1920, the court filed a decision denying plaintiff any relief. The court found that the improvement was necessary in order to afford convenient and safe use of the highway to persons having occasion to travel the same; that the earth used in making said improvement was necessarily and properly used therefor; that it contained some quack grass, but this was covered and buried under clean earth to such a depth that it could not germinate or do injury.

In May, 1920, plaintiff moved for a new trial on the ground among others of newly discovered evidence and produced affidavits to the effect that said quack grass had actually grown and had spread to the land of plaintiff outside of the highway. The motion was not finally submitted until May, 1921, at which time defendants produced rebutting affidavits to the effect that there was no quack grass in the road where it would invade plaintiff's land. Plaintiff then produced affidavits to the effect that there was quack grass in the

road "growing towards plaintiff's field and in places * * * now within five feet thereof." The court denied the motion July 22, 1921. Plaintiff appeals.

1. On this appeal plaintiff makes no claim to damages. In his brief he states that "the question on this appeal is whether or not plaintiff may protect his land by injunction against such action and whether the respondents can be required to remove it." The work cannot now be prevented for it was completed nearly four years ago, so the only contention that remains is that this court should order a mandatory injunction commanding defendants to remove the earth containing quack grass which they deposited in this fill four years ago. Manifestly this would involve to a large extent a destruction of the fill, for plaintiff's latest affidavits are to the effect that the patch of quack grass runs 90 feet starting at the edge of the traveled track and running down the embankment. It seems to us that the foregoing statement of facts suggests the answer which must be made.

We do not agree with defendants that "the compensation paid for the right of way included the damages that would be caused by the necessary grading of the road." This is not the law. Dickerman v. City of Duluth, 88 Minn. 288, 92 N. W. 1119; Sallden v. City of Little Falls, 102 Minn. 358, 113 N. W. 884, 13 A. L. R. (N. S.) 790, 120 Am. St. 635; Austin v. Village of Tonka Bay, 130 Minn. 359, 153 N. W. 738. It is the law since 1896 that property cannot be "damaged" for public use without compensation, Constitution, article 1, § 13, as amended November 3, 1896, and that an action lies to recover damages caused by the improvement of a previously acquired highway, Dickerman v. City of Duluth, supra, Sallden v. City of Little Falls, even though the infliction of the damage be an incident to an improvement which is necessary and the work is done in the only practicable manner. Hirsch v. City of St. Paul, 117 Minn. 476, 136 N. W. 269; Matthias v. Minneapolis, St. P. S. S. M. Ry. Co. 125 Minn. 224, 146 N. W. 353, 51 L. R. A. (N. S.) 1017; Stuhl v. Great Northern Ry. Co. 136 Minn. 158, 161 N. W. 501, L. R. A. 1917D, 317. The existence of such necessity does not negative the right to

damage such as is vouchsafed by the constitutional amendment of 1896.

2.   We agree with plaintiff that, if a town in improving one of its highways casts a nuisance such as quack grass upon the land of a private owner, the town is liable in damages for its act. Its public capacity does not give it immunity. It is as much a wrongful act as though done by a private owner. Newman v. County of St. Louis, 145 Minn. 129, 176 N. W. 191.

3.   Plainly a court should not enjoin a necessary public improvement merely because it will cause damage to private property any more than it should enjoin the exercise of the right of eminent domain because it will cause damage. The compensation clause of the Constitution contemplates both and this clause of the Constitution is the method designed to make good the landowner in both cases. For an analogous reason the courts may not enjoin the undoing of a public improvement merely because it has caused damage.

4.   The further common law reason exists in this case that, if a wrong has been done, the remedy in damages is an adequate remedy and the expense and inconvenience of undoing the work done would so far outweigh any damage to plaintiff's land that such an injunction cannot be given.

Order affirmed.