WRIGHT, BARRETT & STILWELL COMPANY and Others v. HARRY P. ROBINSON and Others.

April 26, 1900.

Nos. 11,988—(120).

### Appeal Dismissed—Election of Remedies—Fund in Possession of Receiver.

The court below made an order prohibiting and restraining a sheriff and the creditor from levying an execution upon and taking possession of certain personal property claimed to be that of the debtors, and alleged to be in the hands of a receiver appointed by said court in an action therein pending. The order provided for the retention by the receiver, who was to sell the property, of a part of the money derived from the sale sufficient in amount to satisfy the execution, with costs, to await any steps which the creditor might take to protect its rights. The latter availed itself of this part of the order, and instituted an action against the receiver to recover the money, and then appealed from the order. The receiver, by order of the court, retains the money to await a final determination of the action, which is still pending. *Held,* that the appeal should be dismissed.

### Election of One Remedy Bars the Other.

As soon as a choice of alternative remedies proffered by the law is made, and one of these is adopted, the act itself operates as a final and absolute bar as regards the other remedy.

Action in the district court for Ramsey county for the appointment of a receiver of the property of defendants Harry P. Robinson and August F. Osterlind and for other relief. The court having appointed a receiver, the Dispatch Printing Company, a judgment creditor of said defendants, caused a levy to be made on a portion of the property in the hands of the receiver. On motion of the

receiver the court, Brill, J., made an order enjoining the Dispatch Printing Company and John Wagener, sheriff of said county, from interfering with the possession of the receiver, from which order they appealed. Dismissed.

*J. Henry Hintermister, Jr.*, and *Munn & Thygeson*, for appellants.

*Stevens, O'Brien, Cole & Albrecht*, for respondent receiver.

COLLINS, J.

This is an appeal from an order made in proceedings to prohibit and restrain the sheriff of Ramsey county and the Dispatch Printing Company, the judgment creditor named in an execution duly issued and placed in the sheriff's hands for service, from levying upon and taking possession of certain personal property claimed to be that of the debtors, but alleged to be in the actual possession of a receiver duly appointed by the court in an action therein pending against said debtors, and by its order to be sold by such receiver on the day of the attempted seizure. Notice of the appeal was served December 6, 1899, according to the record. The order, after certain recitals, and a paragraph prohibiting and restraining the sheriff from further interference with the receiver's possession and acts as directed by the court, contained the following:

"Ordered further, that upon the sale of the property the receiver retain in his hands out of the proceeds thereof an amount equal to the claim of the Dispatch Printing Company on the levy in question in these proceedings, and hold the same for twenty days, to await any proceedings that the Dispatch Printing Company may be advised to take to protect any rights claimed by it."

It appears from the settled "case" as returned here that a sale of the property was made by the receiver, which was confirmed by the court November 25, and out of the proceeds said receiver retained a sum of money sufficient to satisfy the amount of the execution, to await the result of any steps which might be taken by the execution creditor; and, further, that

"Upon the 5th day of December, 1899, the Dispatch Printing Company brought an action against the said receiver, setting out the proceedings aforesaid, including its levy and execution aforesaid, and the order of the court of November 20, and prayed judgment against the defendant therein that defendant be ordered and re-

79 M.—18

quired to pay to the plaintiff the sum of $186.65, with interest thereon from the 5th day of March, 1894, at the rate of seven per cent. per annum, and the further sum of $29.60, the costs of said levy, together with the costs and disbursements of the action, and that, pending the hearing and determination of the action, the defendant be directed to retain said sum of money in his hands to await the determination thereof; and thereupon the court made an order in said action requiring the defendant therein to retain sufficient of the funds in his hands to satisfy any judgment that plaintiff might obtain in said action until after the final determination thereof, which said order was duly served upon the defendant, and that said action is still pending and undetermined."

By the order of the court restraining the sheriff, from which this appeal was taken, there was substituted and set apart a sum of money sufficient to satisfy the execution in full. It may be true, as contended by counsel, that this procedure was wholly unwarranted, and that it was the legal right of the sheriff and the execution creditor to levy upon and take actual possession of the property. We must not be understood as intimating to the contrary. But that is not the question before us. The creditor, instead of relying upon its right to have the property actually seized by the sheriff, elected to avail itself of the order, and promptly instituted an action to recover the money set apart by the court and retained by the receiver for the very purpose of liquidating any claim the creditor asserted and maintained. It deliberately and formally elected to transfer its claim and lien to the money in the receiver's hands. It brought its action against such receiver. It secured an order directing the retention of the money until the final determination of the litigation, and it caused the due service of such order upon the receiver. That action is still pending, and whatever rights the sheriff or the creditor had or could have asserted and maintained as against the property originally involved remain and may be asserted and maintained as against the money. When the order was filed the creditor had an election of inconsistent remedies. It could appeal, and thus have its rights determined as against the receiver; or it could do what it did do,—institute the action to determine whether or not it was entitled to the money. It could repudiate the order, and all thereof, by appeal, or it could affirm such order by basing an action upon that part which was

favorable. It could not do both. See an exhaustive article on "Election of Remedies" in 7 Enc. Pl. & Pr. 363. As soon as the choice was made, and one of these alternative remedies proffered by the law adopted, the act operated as a final and absolute bar as regards the other.

The appeal is dismissed.