[S. F. No. 2270.  In Bank.—October 2, 1900.]

## J. F. KERR, Petitioner, v. SUPERIOR COURT, Respondent.

MANDAMUS—ACCUSATION AGAINST DIRECTORS OF IRRIGATION DISTRICT—
REFUSAL TO ISSUE CITATION.—*Mandamus* will not lie to compel a superior court which has refused to issue a citation upon an accusation made under the provisions of section 772 of the Penal Code against a director of an irrigation district, charging him with neglect to perform his official duty as such director, "to issue said citation," and to proceed with the hearing of the same. [Temple, J., and Beatty, C. J., dissenting.]

ID.—JUDICIAL DISCRETION—FRUITLESS RESULT—FINAL ACTION.—*Mandamus* will not lie to control judicial discretion nor to compel a court to exercise its discretion in a particular manner, nor to control the result of its action, nor to compel it to grant rather than to refuse a motion or request, nor to compel action, the results of which would be vain and fruitless, nor to disturb the final action of a court from which there is no appeal.

PETITION for *mandamus* from the Supreme Court to the Superior Court of Stanislaus County. J. K. Law, Judge.

The facts are stated in the opinion of the court.

L. L. Dennett, C. A. Stonesifer, and W. H. Hatton, for Petitioner.

Rodgers, Paterson & Slack, and C. W. Eastin, for Respondent.

McFARLAND J.—This is an original petition here for a writ of *mandamus* to compel the superior court of the county of Stanislaus to take certain action prayed for in the petition. An alternative writ issued, and afterward a demurrer to the petition was interposed and the case was submitted on the demurrer.

The petition sets forth that on March 10, 1900, petitioner presented to said superior court, respondent herein, a written verified accusation in which it was alleged that one Baker, a director of the Modesto Irrigation District, had refused and neglected to perform his official duty as such director, and was so refusing and neglecting it; that "at said time the said plaintiff above named, by his attorneys, demanded of the said court that said court cite the said defendant, C. C. Baker, to appear before the said court, at a time not more than ten nor less than five days from the time said accusation was presented, to answer said accusation; and that said court refused to issue said citation," or to take any further action upon the accusation. The prayer of the petition is that a writ issue requiring respondent "to issue said citation" and to proceed with the hearing of the same. The accusation was based upon the provisions of section 772 of the Penal Code.

It is not necessary for us here to discuss the constitutionality of said section 772, or the validity under it of any process not in the name of "The people of the state of California," or the question whether a person can be punished criminally by "removal from office," and a fine of five hundred dollars, without a jury trial, or any of the other objections taken by counsel for respondent to the validity of said section; because, in our opinion, the petition does not present a case which calls for the exercise of the writ of *mandamus*.

It is the general rule that *mandamus* does not lie to control the discretion of a court or judicial officer; and, whatever exceptions there may be to this general rule, it is clear that a court cannot be made by *mandamus* to exercise its discretion in a particular manner. (High's Extraordinary Legal Remedies, sec. 156; *Francisco v. Manhattan etc. Co.*, 36 Cal. 286; *Strong v. Grant*, 99 Cal. 100; *Lewis v. Barclay*, 35 Cal. 213; *People v. Weston*, 28 Cal. 640.) It is also a rule that a court will not do the vain and fruitless thing of issuing a writ where nothing can be accomplished by it. (High's Extraordinary Legal Remedies, sec. 14; *Boyne v. Ryan*, 100 Cal. 265.) We think that either of the above-stated rules precludes the rightful issuance of the writ in the case at bar.

A court can be compelled to act, but, having acted, its act cannot be reviewed on *mandamus;* or, as the rule is stated in *Shine v. Kentucky Cent. R. R. Co.*, 85 Ky. 177: "*Mandamus* will lie to set a court in motion, but not to control the result." Whether or not a court has acted within the meaning of this rule depends upon the nature of the proceeding before it, the method by which its action is solicited, and the manner in which the action is to be expressed. A court may act as efficiently by refusing as by granting a motion or request. Ordinarily, in civil cases, the judge has nothing to do with bringing a party into court; that is accomplished by process issued by a ministerial officer, and the judge has no opportunity of exercising his discretion to determine, in the first instance, whether or not the process should issue. When his attention is first called to the case he finds the party already in court—brought there by means over which he had theretofore no control; and, if he determines that the case is improperly there, he must express his determination by some affirmative action, such as sustaining a demurrer, or dismissing the action. The same is true in criminal actions, at least in the higher courts, where cases are brought into court by previous acts of some other tribunals, such as grand juries and committing magistrates; and, as to magistrates, no one would claim that they could be compelled by *mandamus* to issue warrants of arrest. (See High's Extraordinary Legal Remedies, sec. 257; *United*

*States v. Lawrence,* 3 Dall. 42.) Now, under section 772 of the
Penal Code, the party against whom the accusation is made
can be brought into court only by a citation issued by the court
itself; and the court must, in the first instance, exercise its
discretion in determining whether or not a citation should is-
sue. Certainly, no one would seriously claim that under this
section "any person" can, by any sort of an instrument which
he chooses to call an "accusation," compel a court to put a
citizen on trial for a criminal offense. The court must first
judicially determine whether a citation should issue upon the
accusation; and, when it has refused to issue the citation, it
has acted on the matter before it. How else could it act if its
judicial determination be that the citation should not issue?
And having thus acted—no matter how erroneously—it cannot
be compelled by *mandamus* to change its action and exercise
its discretion in a different manner.

Moreover, a mandate from this court to the respondent to do
the formal act of issuing a citation would accomplish nothing;
for while this court could compel the respondent, against its
will and contrary to its judgment, to issue the citation, it could
not prevent respondent from dismissing the proceeding, or com-
pel it to reinstate the same after such dismissal. (High's Ex-
traordinary Legal Remedies, sec. 154, and cases cited to note
2 on page 172; *People v. Weston, supra; Lewis v. Barclay,
supra; People v. Sexton,* 24 Cal. 78; *Sankey v. Levy,* 69 Cal.
244.) In this respect the case at bar is much like that of *Boyne
v. Ryan, supra,* where it was held that a writ of *mandamus*
would not be issued to compel a district attorney, against his
will and judgment, to commence a certain action even though
he ought to have done so, because it "would be an idle thing in
the absence of power to compel him to prosecute it to final
judgment." It was there said as follows: "A court will not do
a vain or fruitless thing, or undertake by *mandamus* what can-
not be accomplished." As was said by Chancellor Kent in
*Trustees etc. v. Nicoll,* 3 Johns. 598: "It has hitherto been con-
sidered as a settled principle that a court will not undertake to
exercise power but when they exercise it to some purpose."
Moreover, it has been held that there is no appeal from a judg-
ment rendered upon an accusation under section 772—at least

by the accuser. (*In re Curtis,* 108 Cal. 661, and cases there cited.) Therefore, query, Is not the case at bar within the rule declared in *Lewis v. Barclay, supra, Fairchild v. Wall,* 93 Cal. 401, and *Wood v. Strother,* 76 Cal. 545,[1] that where the determination of the tribunal or officer is final it cannot be disturbed either on *mandamus* or in any other way?

It is to be remembered that where there is probable cause for believing that a public officer has been guilty of misconduct in office an ample remedy is afforded the people by section 758 and the sections which immediately follow it, under which he may be indicted and have a fair trial before a jury.

The demurrer is sustained and the proceeding is dismissed.

Garoutte, J., Van Dyke, J., Harrison, J., and Henshaw, J., concurred.

TEMPLE, J., dissenting.—I dissent. The conclusion that a court exercises its jurisdiction by refusing to act at all depends upon rather refined reasoning. If sound, I do not see how this court can ever compel judicial action. If the question be a judicial puzzle, it should be resolved in favor of the jurisdiction of this court. The contrary holding would deprive parties of a remedy which, in my judgment, is plainly guaranteed by law.

And I think the remedy was provided for these very cases, in which the inferior court concludes that a case has not been made by a complaint which calls for or justifies the exercise of its jurisdiction. It is not to be supposed that the judge acts perversely and refuses to perform a duty which is plain. The usual case in which a judge refuses to act must be when he concludes that a case has not been made calling for such action. It matters not why the inferior tribunal refuses to act. If its duty to act is manifest, action should be compelled. According to the principal opinion, the aggrieved party has no remedy. If so, that solution of the question should be preferred which will afford a remedy. Such was the ruling of this court on this precise question in *Temple v. Superior Court,* 70 Cal. 211.

Beatty, C. J., concurred in the dissenting opinion.

---

[1] 9 Am. St. Rep. 249.