Let a writ of ouster issue.

---

## NANCY E. SMITH v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

### January 14, 1916.

### Nos. 19,478—(140).

**Release — avoidance on ground of mistake.**

Plaintiff, while a passenger on one of defendant's cars, was injured in a collision. About nine days after the accident plaintiff and defendant, believing the injuries to be slight, and relying on the statement of their physicians to that effect, settled the claim. Plaintiff received a cash payment from defendant and signed a release. About six months afterward plaintiff brought this action for damages for severe injuries received by her in the accident. Defendant set up the release, which plaintiff sought to avoid, on the ground of mutual mistake of the parties and physicians in overlooking substantial injuries, of which the parties and the physicians had no knowledge at the time of the settlement.

[1] Reported in 155 N. W. 1046.

---

Note.—Effect on release by injured servant of mistake as to extent of injuries, see notes in 11 L.R.A.(N.S.) 201; and 48 L.R.A.(N.S.) 449.

*Held* that, the law of the case as contained in the charge not having been challenged by the defendant by motion for a new trial, there is, under such charge, evidence sufficient to support the verdict for the plaintiff.

Action in the district court for Hennepin county to recover $50,000 for injury received while a passenger upon one of defendant's street cars. The answer alleged that for a valuable consideration plaintiff executed a release of all demands in any manner growing out of the claims set up in the complaint. The reply alleged that the release was procured through fraudulent representations by defendant's claim agent while he was negotiating the settlement. The case was tried before Dickinson, J., who denied defendant's motions to dismiss the action, and a jury which returned a general verdict for $2,250, and answered in the negative the questions whether the release was procured by false representations or by undue influence and in the affirmative the question whether it was entered into under mutual mistake of fact on the part of both plaintiff and defendant. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*John F. Dahl, W. Y. Smiley* and *N. M. Thygeson,* for appellant.

*Mead & Bryngelson* and *Leslie S. Ogden,* for respondent.

SCHALLER, J.

Plaintiff, a woman of 54 years of age, who had never been ill except at childbirth, had given birth to, raised and cared for a family of seven children, all living, had alone done the work for the family during all her married life and at times had taken in boarders, was a good cook and housekeeper, cheerful, pleasant and vivacious, of sound health, mentally and physically, who had never had or needed the services of a doctor except at childbirth, was injured in a collision between two cars of the defendant, when she was thrown violently to the floor of the car in which she was a passenger and a large man was thrown across her head. From November 20, 1913, she became nervous, irritable, her memory failed, her eyesight was dim and she was subject to severe headaches and severe pains and trouble in her stomach, seemed to be continually rubbing or stroking her right eye and seemed to be altogether a different woman,

physically and mentally, from what she had been before the accident. The symptoms above stated increased for a period of about two months when she had an apoplectic stroke. Immediately after the stroke, her right side was paralyzed and the sight of her right eye left her.

She has had two apoplectic strokes since that time, one in February and one in the following June. She made a settlement with the defendant about nine days after the accident and received the sum of $150, executing a release to the defendant.

Her known injuries at the time of the settlement were a bruised temple, apparently superficial, a bruised knee and a sprained finger. It afterward developed that the real injuries were an effusion of blood into the vitreous humor of the right eye, a blow or bruise on the lens of the right eye which produced blindness, and a rupture of a blood vessel, or vessels, in the brain which produced an apoplectic stroke and paralysis.

There does not seem to be any question as to the liability of the defendant, the defense being settlement and release. The plaintiff claimed that the release was executed under mutual mistake of fact as to the nature and character of the injury. There were other claims in avoidance of the release, but they were disposed of by the special verdict. The jury found that the release was entered into under mutual mistake of fact on the part of both the plaintiff and the defendant and returned a verdict in favor of the plaintiff for $2,250. Defendant moved for judgment notwithstanding the verdict, which motion was denied. Thereupon judgment was entered for the plaintiff, from which judgment defendant appeals.

A new trial was not asked for, so that on this appeal we can only consider whether the evidence is sufficient to support the verdict. Borgerson v. Cook Stone Co. 91 Minn. 91, 97 N. W. 734; Demerce v. Minneapolis, St. P. & S. S. M. Ry. Co. 122 Minn. 171, 142 N. W. 145; Northwestern Marble & Tile Co. v. Williams, 128 Minn. 514, 151 N. W. 419, L.R.A. 1915D, 1077; Daily v. St. Anthony Falls W. P. C. 129 Minn. 432, 152 N. W. 840; Bosch v. Chicago, M. & St. P. Ry. Co. 131 Minn. 313, 155 N. W. 202.

The charge of the court was not excepted to or in any way criticised. On the question of mutual mistake the court charged substantially that "if * * * a physician, or physicians, made a mistake as to the nature

and extent of the injuries, and for some reason overlooked a substantial injury, and this error was shared by both the parties to the settlement so that it did not and could not be said to enter into consideration at all when the matter was adjusted, then the terms of the release may be held not to have covered it, and the party may be relieved against it and not bound by its terms."

The law was further stated to be that the question on this branch of the case was: "Was there an unknown injury to the plaintiff resulting from the accident of November 20th, actually existing at the time of the settlement, and of a character so serious as to clearly and convincingly indicate to the minds of the jury that if it had been known the release would not have been signed. And, of course, such unknown injury if it existed must have such a connection with the plaintiff's hemorrhages that the one may be said to have been a part of or the proximate result of the other."

An examination of the record discloses evidence which, if believed by the jury, was sufficient to sustain the verdict.

Judgment affirmed.