[L. A. No. 10787. In Bank.—September 4, 1928.]

ELIZABETH K. CHADWICK, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

J. Allen Frankel, Sidney A. Wilson and A. V. Kaufman for Petitioner.

164

Jess E. Stephens, City Attorney, and Herman Mohr and E. H. Delore, Deputies City Attorney, for Respondents.

PRESTON, J.—Petitioner seeks through this proceeding the issuance of a peremptory writ of *mandamus* directing that respondent Superior Court amend the findings of fact, conclusions of law, and interlocutory judgment entered in a certain condemnation suit in which petitioner was a defendant.

The complaint in said condemnation action was filed in September, 1925. In October, 1926, the referees appointed to make the award of damages filed their report, which with reference to the property here in question read as follows:

"That the referees having viewed said property, have ascertained, assessed and found the compensation proper to be paid to the persons owning or having an interest in each parcel of land sought to be taken, and they respectfully report as follows: . . .

Parcel 67: Value of land taken....................$1190
Severance damages .............................. ——
Value of improvements........................... 1746
Total compensation proper to be paid to the defend-
    ant, Elizabeth K. Chadwick, successor in interest
    to the defendant Herbert Kaufman, as the owner
    of said parcel of land........................$2936"

At the hearing upon said referees' report the Superior Court approved "the said award of $2,936 to the defendant Elizabeth K. Chadwick" as above set forth.

The findings of fact and conclusions of law likewise approved and confirmed said report *in toto*, but the value of petitioner's property was therein listed at the sum of $1,190, instead of $2,936, and later petitioner was notified that a check for said amount, covering her award, was ready for delivery to her. She thereupon moved respondent court to amend said findings of fact and conclusions of law, and also the interlocutory judgment, for the purpose of correcting the amount of the award due her to conform to the sum recommended by said referees, to wit, $2,936, as approved and confirmed by the court. Said motion was predicated upon the affidavit of her attorney in which he averred that he had never received a copy of said findings of fact and con-

clusions of law as prepared in said condemnation action; that when petitioner advised him of the deficiency of $1,746 in the amount of the check tendered to her, he immediately investigated the matter and found that although said findings stated: " . . . the awards, as set forth in the report of the referees, are proper and correct and said report should be approved and confirmed . . . ," nevertheless the sum of $1,190 only, instead of $2,936 as awarded by said report, was set forth therein as the total sum due petitioner and no reference was made to said omitted item of $1,746. Affiant further averred that said discrepancy in the figures "appears to be an error of computation or omission on the part of the clerk or stenographer who transcribed such findings of fact and conclusions of law. . . . "

It was stipulated upon hearing of the motion, as was likewise again stipulated upon the oral arguments before the District Court of Appeal, that the facts contained in said affidavit were true. At the suggestion of the court the motion was then submitted without evidence; that is, the court had before it only the judgment-roll and said affidavit, the facts of which were stipulated to be true. It was denied and petitioner immediately thereafter instituted this proceeding to compel correction of said findings and judgment.

It is the contention of respondents that there was no evidence before the Superior Court upon hearing of the motion to prove that a clerical or any error was made in stating the sum due petitioner in said findings and judgment; furthermore, assuming that a clerical error was made, there was no abuse of discretion by the court in denying the motion because of the intervention of rights of third parties. Petitioner, on the contrary, argues that the question of abuse of discretion does not enter into the case; that the error was purely clerical and it was therefore the duty of the court to amend the findings and judgment to conform to the general finding of approval and confirmation of the referees' award.

Not only has the court power to remedy clerical errors, as distinguished from judicial errors which may be corrected only through motion for new trial or by appeal, but it is a plain duty to remedy them, the performance of which will be enforced in the furtherance of justice. In

other words, a mistake purely clerical, such as one with respect to the computation or statement of a sum, is an obvious error and though it appears in the findings and conclusions and is carried into the judgment, it may and should be corrected by amendment without vacating the judgment (*Erickson* v. *Stockton etc. Co.*, 148 Cal. 206 [82 Pac. 961], and cases there cited), and the performance of this duty may be compelled by *mandamus* (*Boust* v. *Superior Court*, 162 Cal. 343 [122 Pac. 956]); hence, if the error here before us was purely clerical, it must follow that the relief sought by petitioner should be afforded her.

To our mind the facts of this case are conclusive and support the contention of petitioner, for it was at the time the motion was heard, and is now demonstrable from the record, that said item of $1,746 was omitted through a clerical misprision. The findings expressly ''approved and confirmed'' as ''proper and correct'' the award set forth in the referees' report, which as to the property here involved was $2,936. There is no mention of any change or modification of said report; the findings approve and confirm it as a whole. In incorporating from the report into the findings the specific awards, there was made an obvious error in the omission of said item of $1,746, plainly due to inadvertence of clerk or copyist. What other possible explanation of it could there be? Respondents offer none.

Under this situation we can see no room for the operation of the contention that the status of the parties has so changed that petitioner must surrender her property for public use without compensation because not to do so would work an inconvenience to the city of Los Angeles or other parties. Likewise, there is nothing to be found in the cases of *McKannay* v. *McKannay*, 68 Cal. App. 709 [230 Pac. 218], and *County of Los Angeles* v. *Rindge*, 69 Cal. App. 72 [230 Pac. 468], opposed to the holding here made.

Let the writ issue.

Shenk, J., Richards, J., Seawell, J., Waste, C. J., Curtis, J., and Langdon, J., concurred.