[Civ. No. 7312. Second Appellate District, Division Two.—May 8, 1930.]

BENJAMIN FINK, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Henry E. Carter and Wheeler & Wackerbarth for Petitioner.

Smith & Breslin and Freston & Files for Respondents.

THOMPSON (IRA F.), J.—This original proceeding seeks to prohibit the respondent court from entertaining or passing upon a motion for a new trial in the case of Benjamin Fink, Plaintiff, v. William Weisman et al., Defendants. The circumstances giving rise to this petition are as follows: The case mentioned was tried by the respondent court with a jury. The jury returned its verdict in favor of plaintiff on March 18, 1930, and immediately the defendants orally made motions for a judgment in their favor notwithstanding the verdict of the jury. The court continued the hearing until the following day at 2 o'clock· P. M. Prior to the argument counsel for defendants filed with the court written motions for a judgment notwithstanding the verdict, which written motions were different from those orally made, in this: that the former were in the alternative, that is, reserving to themselves the right to apply for a new trial in the event of a denial of their motions for judgment, which motions were in fact denied by the court. It is now insisted that the defendants had no right to interpose the written motions after the oral motions were made and that by reason of their· failure to word the oral motions in the alternative they waived their right to move for a new trial in the regular course of procedure. Motions therefor are now pending and the court is about to hear argument thereon.

The section of the Code of Civil Procedure pertinent to our problem is 629, reading as follows:

"When a motion for a directed verdict, which should have been granted, has been denied and a verdict rendered against the moving party, the court, at any time before the entry of judgment, either of its own motion or on motion of the aggrieved party, shall render judgment in favor of the aggrieved party notwithstanding the verdict.

"A motion for judgment notwithstanding such verdict may also be made in the alternative form, asking therefor and reserving, if that be denied, the right to apply for a

new trial. If the motion for a directed verdict or for judgment notwithstanding the verdict be denied, the trial court on motion for a new trial or the appellate court on appeal from the judgment may order judgment to be so entered when it appears from the whole evidence that a verdict should have been so directed at the trial; and when the motion is made in the alternative form, the court may also so order on appeal from the order denying such motion for judgment notwithstanding the verdict, whether a new trial was granted or denied.''

We do not need to concern ourselves with any question except the one of waiver by failure to put the motions in the alternative, assuming solely for the purposes hereof that the oral motions precluded the filing of other and altered motions, because the view we now entertain is that the defendants did not waive their rights to apply for a new trial in the regular course of procedure. The section of the code we have quoted is, we learn, taken from similar legislation in Minnesota and North Dakota. (See *Cushman* v. *Cliff House,* 79 Cal. App. 572 [250 Pac. 575].) In accordance with a well-known rule of construction the act is to receive the interpretation given to it by the courts of the states from which the statute is adopted. (*Cushman* v. *Cliff House, supra; Estate of Potter,* 188 Cal. 55 [204 Pac. 826].) We have found the authorities of Minnesota to be definitely opposed to the contention of petitioner. In *Smith* v. *Minneapolis St. Ry. Co.,* 132 Minn. 51 [155 N. W. 1046], the defendant appealed from a judgment against it, it having moved for a judgment notwithstanding the verdict, without asking for a new trial. The court affirmed the judgment, taking occasion to say that ''A new trial was not asked for, so that on this appeal we can only consider whether the evidence is sufficient to support the verdict.'' On a subsequent appeal of the same case from an order denying defendant's motion for a new trial (*Smith* v. *Minneapolis St. Ry. Co.,* 134 Minn. 292 [157 N. W. 499, 159 N. W. 623]), the court announced the following: ''A motion for judgment notwithstanding the verdict does not bar a subsequent motion for a new trial. (*Sallden* v. *City of Little Falls,* 102 Minn. 358 [120 Am. St. Rep. 635, 13 L. R. A. (N. S.) 790, 113 N. W. 884].) The trial court may entertain a motion for a new trial after the decision upon an appeal from a judg-

ment, there having been a motion for judgment notwithstanding the verdict, but no motion for a. new trial. This is definitely decided in *Daily* v. *St. Anthony Falls & Co.*, 129 Minn. 432 [152 N. W. 840]. In that case there was a motion for judgment notwithstanding the verdict, which was denied, and an appeal from the judgment afterwards entered, which was affirmed. An application for a rehearing was made, and there was a request that the case be remanded without prejudice to the right of the defendant to move for a new trial. This court, in denying the motion for a rehearing, said: 'The request that the order of this court be so amended as to remand the cause without prejudice to the right of defendant to move for a new trial is also denied. An application for leave to make such motion, if grounds exist therefor, must be addressed to the trial court, and the affirmance here ordered in no way interferes therewith.' The trial court was not without jurisdiction to entertain a motion for a new trial. It entertained the motion and denied it. This court has jurisdiction of an appeal from the order denying it.''

In an earlier case from that state (*Sallden* v. *City of Little Falls, supra*), the reason for the interpretation is made manifest in the following language: ''Counsel for plaintiff contends that the order appealed from should be affirmed, for the reason, as he urges, that defendant waived the right to move for a new trial. This contention is based upon the fact that, after the verdict had been returned, defendant moved the court for judgment notwithstanding the same, which motion was denied. Thereafter, upon a settled case, the motion for a new trial was made, heard by the court without objection, and denied. We discover no waiver in this state of the facts. The motion for a new trial was, so far as the record discloses, made within the time prescribed by the statute, and the right to make it was not barred by the previous *separate* motion for judgment. The cases cited by counsel in support of this contention (*Bragg* v. *Railway Co.*, 81 Minn. 130 [83 N. W. 511]; *Wright et al.* v. *Robinson*, 79 Minn. 272 [82 N. W. 632]) are not in point. In those cases a motion for judgment was made, and upon that the moving party rested. No motion for a new trial was made at any time, and the court held that the party could not obtain

a new trial on an appeal from an order denying a motion for judgment notwithstanding the verdict; that by limiting and resting upon the motion for judgment he waived the right to ask for a new trial. In this case the defendant did not rest upon his motion for judgment, but subsequently made his motion for a new trial, which was denied. This is proper practice." (Italics ours.) So, too, the North Dakota authority of *Nelson* v. *Grondahl*, 12 N. D. 130 [96 N. W. 299], although the opinion was written prior to the amendment of their statute, throws some light upon the proper interpretation of the legislation. Therein we read: "The respondent contends that the appellant is not entitled to a new trial for the reason that he did not ask for one in connection with his motion for judgment notwithstanding the verdict, made when the verdict was returned into court, and, in consequence of his failure to do so, has waived his right thereafter to move for a new trial based on a settled statement of the case. We do not think that chapter 63, page 74, Laws 1901, is subject to such a construction. That law permits a motion for judgment notwithstanding the verdict to be made either separately or in connection with a motion for a new trial. Nothing in the law indicates that they must be joined, nor that the right to move for a new trial in the usual way is waived if a new trial was not asked in connection with the motion for judgment notwithstanding the verdict. It is true, as repeatedly held in the Minnesota cases, under a law the same as the one under consideration, that a new trial will not be granted by the Supreme Court on review of an order granting or denying a motion for judgment notwithstanding the verdict, unless such motion includes within it a motion for a new trial. It is held in such cases that, by failing to unite a motion for a new trial with the motion for judgment notwithstanding the verdict, the right to a new trial is waived. This is all that *Bragg* v. *Railway Co.*, 81 Minn. 130 [83 N. W. 511], relied on by counsel, decides, as we understand it. In that case no motion for a new trial was made at all in the district court, and for that reason it was held that the right thereto had been waived. This is the extent of the Minnesota decision. In no case is it held that the failure of the moving party to unite a motion for a new trial with his motion for judgment

deprives him of his statutory right to move thereafter for a new trial in the usual way."

The conclusion which follows logically and irresistibly is that by the adoption of the section from the laws of the states mentioned there is an entire lack of legislative intent to put the losing party to a waiver of his right to apply in the trial court for a new trial as distinguished from appellate tribunals by his failure to word his motion for a judgment notwithstanding the verdict in the alternative, and even though our procedure for taking appeals seems to materially vary from that provided in those states we ought not, for that reason only, to so construe the act as to be in opposition to the legislative will.

The petition for the writ in this case made it appear that the law of the states of Minnesota and North Dakota required the motion in arrest of judgment to be worded in the alternative at the peril of waiving the right to make a motion for a new trial. A further perusal of the authorities from those jurisdictions have convinced us that the law is to the contrary and is as we have already expressed it. It is manifest that an order of this court denying the peremptory writ would not become conclusive upon the rights of the parties for a period of sixty days after decision under the provisions of section 4c of article VI of the Constitution and hence while this time was running, the jurisdiction of the respondent court to entertain the motion for a new trial might conceivably expire. Such a result should be avoided if it be possible. We entertain no doubt concerning our right to undo what we have done and leave the parties to this proceeding in the same position as though the alternative writ had never been issued. This can be accomplished by setting aside and vacating the order that the alternative writ issue, or, in other words, by quashing the writ.

The alternative writ is quashed, and the permanent writ denied.

Craig, Acting P. J., concurred.

Works, P. J., being absent, did not participate in this opinion.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 7, 1930, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 7, 1930.