[Civ. No. 10128. Second Appellate District, Division Two.—February 14, 1935.]

HARLAN SHOEMAKER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[Civ. No. 10130. Second Appellate District, Division Two.—February 14, 1935.]

E. R. BURROUGHS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Repondents.

Charles L. Nichols for Petitioner Shoemaker.

Lawler & Degnan for Petitioner Burroughs.

Everett W. Mattoon, County Counsel, Fred M. Cross, Deputy County Counsel, and Roderick Johnston for Respondents.

STEPHENS, P. J.—On petitions for writ of mandate and writ of prohibition respectively.

The above-entitled proceedings arise from the same source and were made returnable at the same time. It will be convenient to consider them together. An action was commenced in the superior court against petitioners and others on the twenty-first day of October, 1929. The answer of each petition in such suits was filed on or before December 8, 1930. The case had not been brought to trial on November 17, 1934, and the time for bringing the action to trial had not been extended by written or other stipulation. On the latter date petitioner Burroughs petitioned the court to dismiss the action under the provisions of section 583 of the Code of Civil Procedure. The court thereafter denied the motion and upon motion of the plaintiff therein the case was set for trial for November 26, 1934.

On November 22, 1934, petitioner Shoemaker, a defendant in the referred to superior court case, petitioned this court for an alternative writ of mandate and the same was granted, directing the respondent court to forthwith dismiss said action in accordance with the motion made under section 583 of the Code of Civil Procedure, or to show cause why it had not done so.

On November 26, 1934, petitioner Burroughs, also a defendant in said case, petitioned this court to issue its writ of prohibition against said court prohibiting it from proceeding with the trial thereof until after the hearing and

decision thereon of the said described petition of said Shoemaker in this court, and prays that the respondent court show cause why it should not be forever prohibited from proceeding with the trial of such referred to case. The writ and the order to show cause were issued.

██ We are now satisfied that the writ should never have been issued. It will be remembered that section 583 of the Code of Civil Procedure, until the amendment of 1933, which became effective August 21st of that year, provided that the court must dismiss an action that had not been brought to trial within five years from the filing of the answer and that the amendment referred to changed the running of the time from the date of filing the complaint instead of from the filing of the answer. Shoemaker's motion to dismiss was made twenty-eight days before the expiration of the five years following the filing of the answer and more than five years from the filing of the complaint.

That the change made in section 583 of the Code of Civil Procedure is retrospective was decided by *Coleman* v. *Superior Court,* 135 Cal. App. 74 [26 Pac. (2d) 673]. That case also decided that, although the time for dismissal could be shortened by the amendment, the time for bringing the case to trial after the effective date of the amendment must be reasonable, all of the circumstances considered.

In the instant case the court considered the circumstances and under the exercise of its sound discretion denied the motion. Mandate cannot try the correctness of any discretionary ruling of a competent court made within its jurisdiction. (*Kerr* v. *Superior Court,* 130 Cal. 183 [62 Pac. 479].)

The alternative writ of mandate and the writ of prohibition heretofore issued are dismissed, further or any relief is denied and the proceedings are quashed. (*Fink* v. *Superior Court,* 105 Cal. App. 540 [288 Pac. 124].)

Crail, J., and Willis, J., *pro tem.,* concurred.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 15, 1935.