[Civ. No. 10152.   Second Appellate District, Division Two.—February 18, 1935.]

ALVIN H. FRANK et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Loeb, Walker & Loeb and Arthur R. Smiley for Petitioners.

Goldman & Lieberman and Clarke & Bowker for Respondents.

STEPHENS, P. J.—Our alternative writ of mandate and our writ of prohibition have heretofore issued and this matter is now before us upon a demurrer to the petition upon which the writs were issued and upon a motion to quash both. It is claimed that no cause upon which to base either is alleged in the petition.

The facts upon which the question is based are simple and uncontroverted. An action was brought in the superior court and was not brought to trial within five years. Within five years from the filing of such case in the superior court, section 583 of the Code of Civil Procedure was amended. At the time the case was filed the statute required that any case not brought to trial within five years from the date of the answer must be dismissed unless the statute was waived by written stipulation. The change was that the five years should run from the filing of the complaint. It appears that petitioners herein never filed an answer. A stipulation delaying action was had between the parties but it did not waive the statute. More than five years from

the date of filing of the complaint plaintiff gave notice that no amended complaint would be filed and that he would stand on the third count of the second amended complaint. Defendants (petitioners herein) moved that the case be dismissed. The court denied the motion and will proceed with it unless we interfere.

■ That the change made in section 583 of the Code of Civil Procedure is retrospective was decided by *Coleman* v. *Superior Court,* 135 Cal. App. 74 [26 Pac. (2d) 673]. That case also decided that although the time for dismissal could be shortened by the amendment, the time for bringing the case to trial after the effective date of the amendment must be reasonable, all of the circumstances considered.

■ In the instant case the court considered the circumstances and under the exercise of its sound discretion denied the motion. Mandate cannot try the correctness of any discretionary ruling of a competent court made within its jurisdiction. (*Kerr* v. *Superior Court,* 130 Cal. 183 [62 Pac. 479].) ■ Where the subject-matter of the action sounds in equity, and the case out of which this proceeding arises does, a District Court of Appeal will not take original jurisdiction of a writ growing out of it. (*Collins* v. *Superior Court,* 147 Cal. 264 [81 Pac. 509]; *Gunder* v. *Superior Court,* 100 Cal. App. 334 [279 Pac. 822]; *Los Feliz Investment Co.* v. *Superior Court,* 78 Cal. App. Dec. 615 [35 Pac. (2d) 131].)

The demurrer to the petition for each of said writs is sustained. The alternative writ of mandate and the writ of prohibition are discharged and the whole proceeding quashed.

Crail, J., and Willis, J., *pro tem.,* concurred.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 15, 1935.