[Civ. No. 10164. Second Appellate District, Division Two.—February 18, 1935.]

MURRAY SHEWITT, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Goldman & Lieberman for Petitioner.

No appearance for Respondents.

STEPHENS, P. J.—This proceeding arises from the same general statement of facts, with nonessential differences and

raises the same legal questions as *Frank* v. *Superior Court, ante,* p. 616 [41 Pac. (2d) 940]), this day decided by us.

Herein petitioner originally prayed for a writ of prohibition against the superior court prohibiting it from dismissing the action against one of the defendants Charles S. Jones, but later amended his petition so as to ask for a writ of mandate to compel the court to reinstate the case as, in the meantime, the court had dismissed it. No writ of any kind has issued out of this proceeding.

The action had not been brought to trial within two nor in fact within five years from its filing, nor from the filing of Jones' answer and no written stipulation had been entered into waiving the statute. (Sec. 583, Code Civ. Proc.) The statute had been amended between the time of filing the original action and the motion to dismiss, changing the running of the statute from the filing of the answer to the filing of the complaint. The statute provides that the court may dismiss under the two-year provision and *shall* dismiss under the *five*-year provision. It seems clear that the court had undisputed jurisdiction to use its discretion and rule on the motion under the two-year provision.

In the instant case the court considered the circumstances and under the exercise of its sound discretion granted the motion. Mandate cannot try the correctness of any discretionary ruling of a competent court made within its jurisdiction. (*Kerr* v. *Superior Court,* 130 Cal. 183 [62 Pac. 479].) Where the subject-matter of the action sounds in equity, and the case out of which this proceeding arises does, a District Court of Appeal will not take original jurisdiction of a writ growing out of it. (*Collins* v. *Superior Court,* 147 Cal. 264 [81 Pac. 509]; *Gunder* v. *Superior Court,* 100 Cal. App. 334 [279 Pac. 822]; *Los Feliz Investment Co.* v. *Superior Court,* 78 Cal. App. Dec. 615 [35 Pac. (2d) 131].)

The proceedings are quashed. (*Fink* v. *Superior Court,* 105 Cal. App. 540 [288 Pac. 124].)

Crail, J., concurred.