[Civ. No. 16553.   Second Dist., Div. Two.   Aug. 4, 1948.]

JACK C. LaMAR, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; HELEN SANDERS LaMAR, Real Party in Interest.

John W. Preston and David L. Sefman for Petitioner.

No appearance for Respondent.

Don Lake for Real Party in Interest.

WILSON, J.—Petition for a writ of mandate to compel respondent superior court to amend an interlocutory judgment of divorce.

No appearance has been made for the superior court. Helen Sanders LaMar, the real party in interest, has appeared and filed a demurrer to the petition which contains an argument but states no grounds for the demurrer. It will therefore be overruled. She also filed an unverified answer consisting of argument and citations of authorities but no denial of any of the allegations of fact contained in the petition. There is a denial that there was any mistake or inadvertence on the part of the trial court in the interlocutory decree, which is a conclusion of law. In the absence of a denial that raises an issue of fact petitioner's demurrer to the answer will be sustained.

In November, 1945, Helen Sanders LaMar as plaintiff commenced an action against petitioner Jack C. LaMar as defendant for a divorce in which she sought an award of all the community property of the parties. Defendant answered the complaint and filed a cross-complaint praying for a divorce, for an accounting, and for an award to him of the community property. After a trial of the action the court made findings of fact and conclusions of law wherein it found (1) that plaintiff was entitled to a divorce on the ground of extreme cruelty, (2) that she be awarded certain property specifically described, and (3) that she be ordered to pay to defendant the sum of $2,500 as his share of the community property. An interlocutory judgment of divorce was entered accordingly. The paragraph of the judgment giving rise to this proceeding reads as follows: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant be and he hereby is awarded the sum of $2500.00 cash as his share of the community property."

Upon appeal the interlocutory judgment was affirmed. (*LaMar* v. *LaMar*, 30 Cal.2d 898 [186 P.2d 678].)

Following the affirmance of the judgment petitioner, defendant in the divorce action, requested the clerk of the superior court to issue an execution against Helen Sanders La-Mar for the purpose of enforcing payment of the amount which had been awarded to him by the court, but the clerk refused to issue the writ on the ground that the judgment contained no order for payment by Helen Sanders LaMar to petitioner of the amount awarded.

In March, 1948, petitioner filed a notice of motion in the superior court for a *nunc pro tunc* order amending the interlocutory judgment so that it would specifically declare that he had a judgment against plaintiff for the sum of $2,500. After a hearing the motion was denied by the court without stating the reasons, if any, for such denial.

On the grounds (1) that an appeal from the order would be neither speedy nor adequate and if successful would leave petitioner in the position which he now occupies in respect to a correction or amendment of the judgment, and (2) that pending an appeal he would have no security for the payment of the judgment contemplated by the findings and conclusions of law, he seeks a writ of mandate to compel the superior court to make an appropriate amendment to the interlocutory decree giving him a judgment against the plaintiff in the divorce action for the sum of $2,500.

In determining whether a writ of mandate should issue certain established rules must be borne in mind. ■ The court has inherent power to correct a judgment so as to make it actually express the decision declared by the court and such power may be exercised after appeal and affirmance of the judgment as well as before an appeal has been finally determined, provided that the amendment does not affect the substantial rights of the parties. (*Estate of Goldberg*, 10 Cal.2d 709, 713-4 [76 P.2d 508]; *Boust* v. *Superior Court*, 162 Cal. 343, 345 [122 P. 956]; *Chadwick* v. *Superior Court*, 205 Cal. 163, 165 [270 P. 192]; *Fay* v. *Stubenrauch*, 141 Cal. 573, 575 [75 P. 174]; *Fallon* v. *Brittan*, 84 Cal. 511, 514 [24 P. 381]; *Dreyfuss* v. *Tompkins*, 67 Cal. 339, 340 [7 P. 732].) The provisions of section 473 of the Code of Civil Procedure are not controlling. ■ An order may be made correcting a judgment *nunc pro tunc* as of its original date without notice and on the court's own motion so as to make it conform to the judicial decision actually made, and this is true regardless of

the lapse of time. (*Benway* v. *Benway,* 69 Cal.App.2d 574, 579 [159 P.2d 682], order for correction made 14 years after entry of judgment; *Estate of Goldberg, supra,* 35 years after entry of decree of distribution; *Kohlstedt* v. *Hauseur,* 24 Cal. App.2d 60, 62 [74 P.2d 314] ; *Kaufman* v. *Shain,* 111 Cal. 16, 23 [43 P. 393, 52 Am.St.Rep. 139].) Error should be corrected without vacating the judgment and entering a new one. (*Erickson* v. *Stockton etc. R. R. Co.,* 148 Cal. 206, 207 [82 P. 961].)

■ The findings of fact and conclusions of law constitute the decision of the court and judgment must be entered accordingly. (Code Civ. Proc., § 632; *Prothero* v. *Superior Court,* 196 Cal. 439, 443 [238 P. 357] ; *Aspegren & Co., Inc.* v. *Sherwood, Swan & Co.,* 199 Cal. 532, 537 [250 P. 400].) ■ The court has nothing to do with the entry of a judgment, since that is a duty devolving on the clerk of the court who is but an instrument of the court to make a correct memorial of its orders. (*San Francisco* v. *Brown,* 153 Cal. 644, 650-1 [96 P. 281].) ■ It is the ministerial duty of the clerk to enter a judgment ''in conformity to the decision of the court'' as evidenced by its findings of fact and conclusions of law. (Code Civ. Proc., § 664; *Takekawa* v. *Hole,* 170 Cal. 323, 324 [149 P. 593] ; *San Joaquin L. & W. Co.* v. *West,* 99 Cal. 345, 347 [33 P. 928] ; *Crim* v. *Kessing,* 89 Cal. 478, 488 [26 P. 1074, 23 Am.St.Rep. 491].)

■ A clerical error is not necessarily one made by the clerk of the court. The meaning of the term ''clerical error'' has been so broadened as to include an error made by the judge or by the court. (*Benway* v. *Benway,* 69 Cal.App.2d 574, 580 [159 P.2d 682] ; *Estate of Goldberg,* 10 Cal.2d 709, 715 [76 P.2d 508].) The signature of the judge to the judgment does not establish that an error therein is not a clerical error. (*Bemmerly* v. *Woodward,* 124 Cal. 568, 576 [57 P. 561].) The judgment may be corrected even though the misprision was that of the court. (*Kohlstedt* v. *Hauseur,* 24 Cal.App.2d 60, 62 [74 P.2d 314] ; *Kowalsky* v. *Nicholson,* 23 Cal.App. 160, 162 [137 P. 607] ; *Christie* v. *Christie,* 99 Cal.App. 53, 56 [277 P. 872].)

■ Tested by these rules the court had power, notwithstanding the affirmance of the judgment on appeal, to make all corrections in the judgment necessary to carry it into effect. By its findings of fact and conclusions of law the court determined that the community property of the parties should be divided between them in the following manner: that property

specifically described should be awarded to plaintiff Helen Sanders LaMar, and that she "be ordered to pay to defendant [Jack C. LaMar, petitioner in this proceeding] the sum of $2500 as his share of the community property." In the interlocutory decree of divorce it was adjudged and decreed that the described property be awarded according to the findings and conclusions and "that defendant be and he hereby is awarded the sum of $2500.00 cash as his share of the community property."

Not only did the court have power to amend the judgment as requested by defendant, petitioner here, but it was its definite and manifest legal duty so to do. In denying petitioner's motion to amend the court deprived him of the power to enforce the decision which the court had made in his favor. By reason of the absence of apt language usual in a money judgment petitioner was unable to obtain a writ of execution for the purpose of enforcing payment of the amount that the court had declared was justly and legally due to him. Since the court had determined that petitioner was entitled to the amount awarded it was the plain duty of the court to amend the judgment in such manner as would enable petitioner to obtain the fruits of the court's decision. The refusal to amend the judgment as requested left petitioner without a remedy to enforce the award in his favor, and allowed the entire community property to remain in the possession of Helen Sanders LaMar, contrary to the express and plainly declared decision of the court.

The remaining question is, What recourse has petitioner to obtain the share of the community property awarded to him? Without ability to obtain a writ of execution he cannot collect that which the court has declared to be his, and an execution cannot issue on an "award" of the sum mentioned in the absence of a "judgment" for such amount. A writ of mandate will issue when there is not a plain, speedy and adequate remedy in the ordinary course of law. (Code Civ. Proc., § 1086.) Petitioner concedes that he has the right of appeal, since the order complained of is a special order after final judgment. (Code Civ. Proc., § 963.) An appeal from the order is a plain remedy but is it speedy and adequate? There is no rigid and undeviating rule that determines when the writ will issue or when it will be refused. Whether the remedy is plain, speedy and adequate in the ordinary course of law is a question of fact that must be deter-

mined from a consideration of the circumstances of each case, and when the ordinary remedies are not plain, speedy and adequate the court has jurisdiction to issue the writ. (*San Francisco* v. *Superior Court*, 94 Cal.App. 318, 320 [271 P. 121]; *Evans* v. *Superior Court*, 20 Cal.2d 186, 188 [124 P.2d 820]; *Sullivan* v. *Superior Court*, 185 Cal. 133, 140-1 [195 P. 1061].)

■ The question whether the legal remedy is speedy and adequate is always a matter to be determined by the court to which the application is made (*Jensen* v. *McCullough*, 94 Cal.App. 382, 392 [271 P. 568]) and the court should act in such manner as will promote justice and conclude the controversy without delay. ■ Even though the order is appealable, mandate is available and the writ will issue if the remedy by appeal is not speedy and adequate. (*Archer* v. *Superior Court*, 81 Cal.App. 742, 745 [254 P. 939]; *Edwards* v. *Superior Court*, 88 Cal.App. 260, 262-3 [263 P. 347]; *Holtum* v. *Grief*, 144 Cal. 521, 527 [78 P. 11]; *Evans* v. *Superior Court, supra; Sullivan* v. *Superior Court, supra; San Francisco* v. *Superior Court, supra.*) The writ will likewise issue though there be other legal remedies than by appeal. (*Betty* v. *Superior Court*, 18 Cal.2d 619, 623 [116 P.2d 947]; *Sullivan* v. *Superior Court, supra.*) ■ The remedy by appeal is neither speedy nor adequate if the petitioner be required to renew his motion and present the same question to the same court that had previously decided it. (*Betty* v. *Superior Court, supra; Sullivan* v. *Superior Court, supra*, at p. 141.)

Especially applicable to the situation now before us is the case of *Holtum* v. *Grief*, 144 Cal. 521 [78 P. 11], where it is said (p. 527): "The appeal, in the ordinary course, would not be decided for a long time, and pending the appeal there would be no security for the payment of the judgment. And, besides, nothing would necessarily result from an appeal beyond a reversal of the order, and this would merely confirm the right of the petitioner to execution—a right already complete." In the instant case there would be no security for payment pending the appeal and the reversal of the order would leave petitioner in the position he is now in—he has a right to the money but he is without the means of enforcing such right.

In *Boust* v. *Superior Court*, 162 Cal. 343, 345 [122 P. 956], it is held that if the judgment as entered does not conform with the facts the court should be required by mandamus to make the necessary correction. No evidence is needed to aid

in determining petitioner's right to an amendment to the judgment in question in this proceeding in order to enable him to enforce payment of the amount awarded to him. The justness of his contention appears on the face of the record —the recital in the conclusion of law that his wife be ordered to pay him $2,500 as his share of the community property (all other property having been awarded to her) and the specific declaration in the judgment that he be awarded that sum.

The cases cited on behalf of Mrs. LaMar are not authority for refusing a writ of mandate in such a case as this. In *Kerr* v. *Superior Court,* 130 Cal. 183 [62 P. 479], it is held that a writ will not lie to compel the court to issue a citation pursuant to an accusation based on section 772 of the Penal Code, since (1) the court would necessarily exercise discretion in determining whether the accusation contained sufficient allegations to warrant the proceeding and (2) if the court should be compelled to issue the citation there would be nothing to prevent it from dismissing the proceeding after the party had been brought into court. *Shewitt* v. *Superior Court,* 4 Cal.App.2d 619 [41 P.2d 941], involved an order dismissing an action which had not been brought to trial within the statutory period. *Mason* v. *Del Valle,* 213 Cal. 30 [1 P.2d 419], holds that a judgment which contained precautionary provisions did not adjudicate any rights beyond those expressly covered by the judgment. The statement in the opinion to the effect that the judgment is the only real conclusion of law and displaces all former statements in the findings on the subject is rested on *Roberts* v. *Hall,* 147 Cal. 434, 437 [82 P. 66], and an analysis of the Mason opinion shows that such statement was unnecessary to the decision of the case. A similar statement appears in the Roberts case. The court there held that the findings supported the judgment and that the provisions of the judgment complained of were within the general scope of the conclusions of law. It was then added that "were it otherwise the point would not be good" because the judgment supersedes the conclusions of law. Since the judgment did not go beyond the conclusions of law it was unnecessary to surmise the result if the rule were "otherwise" and the statement referred to is therefore dictum. In *Newlands* v. *Superior Court,* 171 Cal. 741 [154 P. 829], the court was considering the discretion of the trial court to allow alimony pending an appeal from a judgment of divorce and obviously that case has no place in the discussion in the instant proceeding. Nothing in any one of the

cases relied on by Helen Sanders LaMar can be converted into a declaration or an intimation that a judgment cannot be amended so as to give complete effect to the formal and solemn decision of the court or that if the trial court fails to make its judgment effective a writ cannot be issued to compel it to give the complete relief to which a party is entitled and which is plainly intended by the findings and conclusions.

The findings of fact and conclusions of law concluded with the words "Let judgment be entered accordingly." Since it was the ministerial duty of the clerk to act "accordingly" to the direction of the court, to wit, to enter a judgment whereby petitioner would be enabled to enforce his award, and since the clerk failed and neglected to perform his plain duty in that regard it was the function of the court to order the judgment to be appropriately amended and corrected. The court having refused to perform its obligation, a writ of mandate should issue as prayed.

The demurrer of Helen Sanders LaMar to the petition for a writ of mandate is overruled and petitioner's demurrer to her answer is sustained. A peremptory writ of mandate is ordered to issue commanding the superior court to amend and correct the interlocutory judgment of divorce made and entered in the action entitled *Helen Sanders LaMar*, plaintiff v. *Jack C. Lamar*, defendant, No. D-295701, to conform to its findings of fact and conclusions of law in the following particular: The paragraph reading "It is further ordered, adjudged and decreed that defendant be and he hereby is awarded the sum of $2500.00 cash as his share of the community property." shall be corrected and amended *nunc pro tunc* as of the date of entry of said interlocutory decree to read as follows: "It is further ordered, adjudged and decreed that defendant be and he hereby is awarded the sum of Two Thousand Five Hundred Dollars ($2500.00) in cash as his share of the community property, and that defendant have judgment against the plaintiff in the sum of Two Thousand Five Hundred Dollars ($2500.00), with interest thereon at the rate of seven per cent per annum from date hereof until paid."

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied August 18, 1948, and Real Party's in Interest petition for a hearing by the Supreme Court was denied September 30, 1948. Carter, J., voted for a hearing.