[Civ. No. 18371.   Second Dist., Div. Three.   May 18, 1951.]

ELIZABETH BOYLAN, Appellant, v. ADRIAN MARINE,
Respondent.

Richard A. Perkins for Appellant.

William J. MacCabe for Respondent.

THE COURT.—There has been filed herein by defendant
and respondent a verified petition for an order directing the
superior court to pass upon the merits of an application here-
tofore made for the correction of a claimed clerical error in
the findings.   It is represented in the petition that the trial

court refuses to make the correction upon the sole ground that it is without jurisdiction so to do unless and until this court makes an order under rule 12(c), Rules on Appeal, submitting for decision the question whether the findings contain a clerical error and directing the trial court to determine that question on the merits.

We denied a similar application herein upon the ground that the trial court has exclusive jurisdiction and the duty to correct its own clerical errors, and so stated in our order. It is alleged in the present petition that thereafter the court again denied a request for correction of the findings.

The law is clear on the point. ''Not only has the court power to remedy clerical errors, as distinguished from judicial errors which may be corrected only through motion for new trial or by appeal, but it is a plain duty to remedy them, the performance of which will be enforced in the furtherance of justice.'' (*Chadwick* v. *Superior Court,* 205 Cal. 163 [270 P. 192].) Mandate is a proper remedy.

Rule 12(c), Rules on Appeal, relates to the correction of alleged omissions or errors in the record on appeal. The purpose is to insure that the record presented to the reviewing court states the truth respecting the records of the trial court. Correction of the records of that court is not within the scope of the rule.

The power of the trial court in the premises is inherent and is not abrogated or suspended by the pendency of an appeal (*Haynes* v. *Los Angeles R. R. Corp.,* 80 Cal.App. 776, 782 [252 P. 1072]), nor is it lost through lapse of time (*Wilson* v. *Nichols,* 55 Cal.App.2d 678, 681 [131 P.2d 596]).

The duty of the trial court to make proper corrections of its own records, as distinguished from the record on appeal, is not dependent upon any order of a reviewing court, under the Rules on Appeal or otherwise. Although the trial court may be required by mandate to pass upon the merits of an application for a correction of alleged errors, or to make appropriate corrections, it is not a matter in which a reviewing court will act by mere order addressed to the trial court.

If the trial court herein remains in doubt as to its jurisdiction in the premises, we cannot properly act in the matter otherwise than in a proceeding in mandate.

It is obvious from a mere reading of the finding in question that it should be corrected to make it consistent with the judgment, and in the interest of accuracy.

For the foregoing reasons the petition is denied.