[Crim. No. 2707.    Fourth Dist., Div. Two.    Dec. 6, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. KENNETH JACKSON REDMOND, Defendant and Appellant.

Hillel Chodos for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

TAMURA, J.—This is a companion appeal to *People* v. *Redmond, ante,* p. 852 [55 Cal.Rptr. 195] 4th Criminal No. 2529, wherein defendant appealed from a judgment of conviction on one count of escape and one count of robbery.

In 4th Criminal No. 2529, decided this day and to which reference is made for the factual background giving rise to this appeal, defendant sought a reversal of his robbery conviction on the ground, among others, that the trial court abused

its discretion in denying his motion for a new trial. The motion was made on the ground that the prosecution's witness had given an affidavit that he may not have been certain of his identification of defendant. The affidavit, however, was never produced or offered.

During the pendency of his appeal from the judgment of conviction (4th Criminal No. 2529), defendant moved this court to order augmentation of the record on appeal in 4th Criminal No. 2529 to include the affidavit. Following a denial of that motion, defendant made a motion in the superior court to vacate the judgment for the purpose of getting the affidavit into the record. That motion was denied and defendant prosecutes this appeal from the order denying his motion.

The order must be affirmed. The notice of appeal divested the superior court of jurisdiction to vacate the judgment for the purpose sought. (*People* v. *Owens,* 71 Cal.App.2d 831, 834 [164 P.2d 28]; *People* v. *Blume,* 183 Cal.App.2d 474, 477 [7 Cal.Rptr. 16].) The defendant urged in the trial court that it had jurisdiction because it may correct an error in its own record notwithstanding the pendency of an appeal, citing *Verdier* v. *Verdier,* 118 Cal.App.2d 279 [257 P.2d 723] and *Boylan* v. *Marine,* 104 Cal.App.2d 321 [231 P.2d 92]. What defendant was seeking, however, was not to correct an error in the record but to supplement it by documentary evidence not previously introduced.

Order denying motion to vacate judgment is **affirmed.**

McCabe, P. J., and Kerrigan, J., concurred.